# Wolfe *v*. Underwood.

*Bill in Equity by Stockholders to Compel Distribution of Surplus Earnings of Corporation, for Account, &c.*

1. *Bill for discovery and relief; necessity of discovery.*—A bill in equity filed by stockholders to require the earnings of the corporation to be distributed among the stockholders, and, to this end, praying for an accounting by the directors, and a discovery by them as to matters which should be disclosed by the books and papers of the corporation, did not charge that such books and papers do not fully and truly show the transactions of the company and the condition of its affairs, that the complainants were denied access to them; nor that the legal remedy by *mandamus* was inadequate to enforce the right of the stockholders to examine them. *Held* that, so far as the bill depended upon the demand for a discovery, it was without equity.

2. *When equity will compel directors of private corporation to declare dividends.*—Net profits earned by an ordinary business corporation, can not be arbitrarily withheld from its stockholders, and a court of equity will, in a proper case, prevent an abuse of their authority by the directors in refusing to declare a dividend; but, so long as the directors, in the honest exercise of a reasonable discretion, are devoting the capital and earnings to the carrying on of the business for which the corporation was organized, a court of equity will not, in a suit by stockholders to compel a distribution of net earnings among the stockholders, interfere with the management of the corporation by its constituted authorities, no willful abuse of their authority and discretion by the directors, nor bad faith on their part towards any of the stockholders, nor disregard of the duties imposed upon them by law, being shown.

APPEAL from the City Court of Birmingham, in equity.

Heard before the Hon. H. A. SHARPE.

The bill, as amended, was by Joseph B. Wolfe and Jennie Wolfe, suing as stockholders in the Mary Pratt Furnace Company, a domestic corporation, in behalf of themselves

and all other stockholders in said corporation who might desire to participate in the litigation, against said corporation, and against W. T. Underwood, George L. Morris, and A. W. Smith, as the directors constituting its entire board of directors; and sought relief as stated in the opinion.

Each of the directors demurred to the bill as amended; assigning, among others, the following grounds: (1.) "The bill, as amended, purports to be a bill for discovery and relief, and fails to show that the discovery prayed for is essential or necessary to the attainment of any relief to which the complainants are entitled." (2.) "The bill, as amended, shows on its face that the matters sought by said discovery are otherwise obtainable by complainants." (3.) "It appears in and by said bill, as amended, that the alleged facts in reference to which a discovery is sought can, and will be, disclosed and discovered by the books of accounts, contracts, papers, and other evidences of said corporation relating to its business; and it does not appear that complainants, or either of them, have not now access to said books of account and other things relating to said business, or that they have not at all times had such access, or that they have ever been denied access to said books and other things." (4.) "It does not appear by said bill, as amended, that the complainants can not ascertain fully the condition of the affairs of said company, from its books and papers, nor that said books and papers are in anywise incorrect, or fail to show any of the matters sought to be discovered and disclosed." (5.) "The bill, as amended, presents no cause for an accounting." (6.) "The bill, as amended, fails to show that there is any sum due from respondents, or either of them, to the Mary Pratt Furnace Company." (7.) "The bill, as amended, seeks to interfere with the rights of the directors of a corporation to determine when, and to what extent, dividends should be declared, and fails to show that there are any dividends to be declared." (8.) "The bill, as amended, fails to show what sum or sums in the shape of dividends or profits are in the hands of respondents, or other officers of said corporation, which should be declared as dividends." (9.) "The bill, as amended, fails to show that the alleged profits of said corporation are in any condition or shape to be distributed as dividends." (10.) "The bill, as amended, fails to show that the alleged profits, which are sought by the bill to be distributed, have not been used or properly appropriated by the authorities of said corporation in the betterment of its plant, or to building up or extending its business." (11.) "It does not appear in and by said bill, as amended, that any

[Wolfe v. Underwood.]

sum or sums of money belonging to said corporation, or to which it is entitled, and which has been received by respondents or either of them, has not been fully and properly accounted for, nor wherein they have not been fully accounted for."

Each of said directors demurred to so much of said bill, as amended, and to that part thereof which purported to be a bill for discovery ; assigning, among others, as grounds of such demurrer, the above copied grounds of demurrer to the whole bill, as amended, numbered (1), (2), (3), and (4). They also separately demurred to so much of said bill, as amended, as sought an accounting ; assigning, among others, as grounds of such demurrer, the above stated grounds of demurrer to the whole bill, as amended, numbered (5), (6) and (11).

The court sustained the demurrers to the whole bill, as amended; and overruled the demurrers to so much of said bill as sought a discovery, and to so much thereof as sought an accounting. From this decree, the complainants appeal, and assign as error the sustaining of the demurrers to the whole bill, as amended. By consent of the appellants, the appellees assign as error the overruling of said separate demurrers to so much of said bill as sought a discovery, and to so much thereof as sought an accounting.

LANE & WHITE, for appellants.

E. K. CAMPBELL, *contra.*

WALKER, J.—The bill in this case was filed by two stockholders of the Mary Pratt Furnace Company, a corporation, in behalf of themselves, and of all other stockholders who may desire to participate in the litigation. The corporation itself and its directors are the parties defendant. The purpose of the bill is to require a distribution among the stockholders of the surplus earnings of the corporation; to this end, a discovery and an accounting by the directors as to the affairs of the corporation are prayed for. The appeal is from the decree on the demurrers of the several directors to the bill as amended.

The bill charges that the president and directors of the corporation have under their control and in their possession all the information, books of account, contracts, papers, vouchers and all other evidences necessary for showing the true state of the affairs of the corporation. The complainants aver that they are wholly ignorant of the state of the accounts showing the corporate transactions; and charge, in

general terms, that discovery from the defendants showing the state of the accounts as to all their transactions and doings as directors "is material and necessary for the complainants to understand and know the exact condition of said account or accounts, and the exact status of the said directors with said corporation and with these complainants as stockholders thereof." There are charges as to the failure and refusal of the directors to make certain statements to the complainants as to purchases, sales, expenses, profits, improvements, &c., and the interrogating part of the bill, based upon these charges, covers every phase and detail of the corporate business from the beginning, the last of the nineteen interrogatories concluding with this comprehensive demand. "And said defendants be required to make, state and submit a full and complete account of all the acts and doings of said corporation of every kind and description from its organization up to the present time, stating the amount of money received from all sources, and the amount expended for all purposes, stating how and on what account it was received, and for and on what account it has been expended, if expended." Yet the bill does not show that the facts as to which a discovery is sought can not be proved without the answers of the defendants. The matters inquired about are such as should be disclosed by the books and papers of the corporation. The bill does not charge that such books and papers do not fully and truly show the transactions of the company and the condition of its affairs; nor is it averred that the complainants have been, or are denied access to them, or an opportunity to inspect and examine them, at reasonable and proper times. There is no averment tending to show the inadequacy of the legal remedy by *mandamus* to enforce this right of the stockholders.—*Foster v. White*, 86 Ala. 467. Discovery is sought in aid of the relief prayed. "Where a bill is filed, not for discovery alone, but also for relief, and seeks to withdraw from the jurisdiction of any law court a matter of strictly legal cognizance, it must be shown that the discovery sought is indispensable to the ends of justice—or, in other words, that the facts, as to which the discovery is sought, can not be otherwise proved than by the defendant's answer."—*Shackelford v. Bankhead*, 72 Ala. 476; *Continental Life Ins. Co. v. Webb*, 54 Ala. 689; *Horton v. Mosely*, 17 Ala. 794. The bill fails to show any ground of equitable interposition to compel a discovery in aid of the relief sought, as, it may be presumed, in the absence of a showing to the contrary, that the matters, as to which a discovery is asked, could be ascertained by an inspection and

[Wolfe v. Underwood.]

examination of the books, papers and records of the defendant corporation, and the right to such inspection and examination could be enforced by proceedings at law.—*Foster v. White, supra.* So far as the bill depends upon the demand for a discovery, it is without equity.

The fact that profits have accrued in the transaction of the corporate business does not necessarily impose upon the directors the duty of distributing them as dividends to the stockholders. The directors are entrusted with the management of the property and business of the corporation, and in the exercise of their functions are vested with a large discretion. Their relations with the corporation and its stockholders are of a fiduciary character. They are under the duty to the stockholders to exercise their judgment and discretion in the conduct of the business of the corporation. On questions of business policy and management their decisions are controlling, and their acts will not be disturbed or interfered with by the courts, at the instance of a stockholder, unless they are guilty of a willful abuse of their discretion, or act in bad faith, or in disregard of duties imposed upon them by law. They are charged with the duty of determining what disposition shall be made of the earnings or profits of the enterprise. There may be honest differences of opinion as to whether accrued earnings should be applied to the payment of debts, due or to fall due in the future, or in the development of the company's business, or to a surplus fund to provide for future contingencies and to insure continued prosperity, or should be distributed among the stockholders in dividends. Profits earned by an ordinary business corporation can not be arbitrarily withheld from the stockholders. The directors would not be permitted to deprive the stockholders of the benefits of the success of the scheme for the prosecution of which they associated themselves together. Only the furtherance of some legitimate purpose of the enterprise can justify the exclusion of stockholders from the enjoyment of net profits. But so long as the directors, in the honest exercise of a reasonable discretion, devote the capital and the earnings to the carrying on of the business contemplated by the corporate association, no mere differences of opinion among the stockholders as to the wisdom of the course pursued can justify the interposition of the courts for the purpose of controlling or interfering with the management of the corporation by its constituted authorities.—*Smith v. Prattville Manufacturing Co.,* 29 Ala. 503; *Pratt v. Pratt,* 33 Conn. 446; *Williston v. Michigan Southern & N. I. R. Co.,* 13 Allen, 400; *Chaffee v.*

*Rutland R. Co.* 55 Vt. 110; *Karnes v. Rochester & G. V. R. Co.*, 4 Abbott's Pr. (N. S.) 107; *Scott v. Eagle Fire Ins. Co.*, 7 Paige Ch. 198; *Park v. Grant Locomotive Works*, 40 N. J. Eq. 114; Cook on Stocks and Stockholders, § 539; 2 Beach on Private Corporations, § 602; 1 Morawetz on Private Corporations, 447; Taylor on Private Corporations, §§ 562, 653.

The claim of the complainants in this case to have the earnings of the corporation distributed among the stockholders under the orders of the court is based upon the following state of facts, shown by the averments of the bill as amended: The corporation has operated its furnace, producing pig iron, since its organization in 1883, except during a considerable part of the year 1884, and a short time in the year 1889, when the furnace was rebuilt or repaired. In 1885 the earnings amounted to more than $68,000. The complainants do not know the amounts of the earnings in the years 1883, 1884, 1888, 1889 and 1890, "but believe and charge that the same were large." The president and directors claim to have absorbed all the earnings in the payment of expenses and in making improvements, except about $43,000, which they claim to have used in the purchase of outstanding bonds of the company, and except also some moneys and values in their hands or under their control, as to which the complainants only state that "the amount and cash value thereof is largely in excess of all indebtedness of the Furnace Company, both floating and bonded." The president and directors claim that the aggregate amount of the earnings of the company is about $225,000. The bill then proceeds: "Your orators charge and ever, however, that the said corporation has, in fact, earned, since its organization, a very much larger sum of money than the amount above stated; that, on information and belief, your orators charge that said corporation has earned about $350,000.00, or very nearly that sum. Your orators charge, upon information and belief, that the expenses and outlay incurred in improving, developing and maintaining said plant have not cost anything like the amount claimed by the president and directors of said corporation; that a large balance is now due to your complainants in the way of dividends or earnings, which should have been declared and credited to them as dividends on their shares of stock above mentioned. Your orators charge and aver that said president and directors have never made, declared or distributed any dividends to them since the organization of said corporation; that, notwithstanding said plant is a valuable one, and, as your orators are informed and believe,

earned large sums of money over and above its current expenses, and the amounts expended for improvements, betterments, expenses and repairs; yet, not one dollar has ever been paid over to your orators in the way of dividends, or otherwise, as stockholders in said corporation; that they have received no returns whatever from their money invested in the stock of said corporation." It is further averred, "on information and belief, that there is a large amount of profits or dividends of said corporation now in the hands of said W. T. Underwood and said other directors which ought to be distributed amongst the shareholders of said corporation." The claim of the directors, that the earnings, except the amount on hand, which is not stated, have been absorbed in the payment of expenses, in improvements, and in paying off bonds of the company, is not charged to be false. A denial of the truth of this claim is not involved in the vague averment, "that the expenses and outlay incurred in improving, developing and maintaining said plant have not cost anything like the amount claimed by the president and directors of said corporation." This would only show that the amount on hand is more than is admitted by the directors. Certainly, it is not made to appear by definite averments, that the amount of earnings on hand is in excess of what the directors, in the fair exercise of their discretion, could regard as necessary or proper to be retained for use in the transaction of the business, and to meet contingencies, present and prospective. It is not alleged that any of the funds have been diverted from the objects for which the corporation was formed; nor is it shown that the directors are undertaking to expand the scope of the enterprise beyond the limits contemplated when it was started. The averments to the effect that the profits now in the hands of the directors ought to be distributed among the stockholders merely express the opinion of the complainants as to the proper policy to be pursued. The bill as amended does not show that the affairs of the corporation are in such a condition that there is no occasion or necessity to withhold the accrued profits in order to meet legitimate demands and requirements of the business—to provide for its continued operation and future prosperity. It by no means appears that the directors arbitraily fail or refuse to distribute surplus earnings among the stockholders. For aught that appears, the course pursued by the directors may be for the best interests of all the stockholders, and the one suggested by business foresight and sagacity. The bill wholly fails to show that the directors, in not declaring a

dividend, do not fairly exercise their judgment or discretion in the interest of the corporation, or that they willfully abuse their authority on the subject, or are acting in bad faith towards any of the stockholders, or in disregard of their duties in the premises. The averments in support of the claim that the court should overrule the decision of the managing body of the corporation, and require the earnings to be distributed among the stockholders, are wholly insufficient under the rules above stated. Several of the grounds of demurrer point out the defects of the bill in this regard. The demurrers to the bill as amended were properly sustained.

An accounting is prayed for only as an incident to the main relief sought—the distribution of the earnings of the corporation under the orders of the court. The bill failing to show that the complainants are entitled to that relief, their demand for an accounting is left without support. The demurrer to that part of the bill as amended which seeks an accounting should have been sustained. On the ground already stated, the demurrer to the part of the bill as amended which prays for a discovery should also have been sustained. The appellants take nothing by their appeal. The decree must be reversed on the cross-assignment of errors by the appellees.

Reversed and remanded.