# Elliott v Sibley, et al.

*Bill by Stockholder to enjoin a Corporation from the Sale
of Stock, and to remove Directors from Office.*

1 *Bill to enjoin sale of stock; corporation necessary party.*—Where a bill
is filed by a stockholder to enjoin the sale by a corporation of his
stock to settle an indebtedness due to the corporation, upon the
ground that the debt is not due, or has been paid, or that the cor-
poration is indebted to the shareholder in an amount exceeding that
claimed to be due the corporation, and which prays for a settlement
of account, the corporation itself is an indispensable party.

2. *Same; complainant must offer to do equity.*—In a bill, filed by a
stockholder to enjoin the sale of his stock by a corporation, on the
ground that the corporation is indebted to him in an amount exceed-
ing his indebtedness, and which also prays for a settlement of ac-
count, the complainant must offer to do equity by averring in his bill
a readiness and willingness to pay whatever amount may be ascer-
tained to be due from him to the corporation.

3. *Enforcement by a corporation of a lien under section 1674; no action
by directors necessary.*—In order that a corporation may enforce the
lien given it by statute, (Code, § 1674), against a stockholder to collect
a past due indebtedness from him, there is, *prima facie*, no action
necessary on the part of the directors; and the averment in the bill
filed by a stockholder to enjoin the sale of his stock to collect a debt
fixed by contract, that the directors of the corporation have taken no
action to authorize the threatened sale, can not give the bill equity.

4. *Regularity of election of officers of a corporation; inquiry by court of
equity.*—A court of equity will inquire into the regularity of the elec-
tion of the directors of a corporation only when the question arises
incidentally or collaterally in a suit of which the court otherwise has
jurisdiction, and the granting of the relief prayed for depends upon its
decision.

5. *Bill to remove directors of a corporation from office; want of equity.*
When, in a bill filed by a stockholder to enjoin the sale by the cor-
poration of his stock, and which also prays for the removal from office
of certain persons claiming to be directors of said corporation, there
are no averments which show that complainant's defense to the claim
of the corporation is in any way affected by acts of the alleged illegal
directors of the corporation, the bill, while perhaps not multifarious,
is wanting in equity, so far as it seeks to have the said directors re-
moved from office.

6. *Dissolution of injunction.*—When an answer to a bill seeking an
injunction specifically denies the principal allegations of the bill, upon

[Elliott v. Sibley et al.]

which rests the right of the relief asked, the temporary injunction is properly dissolved.

7. *Bill to enjoin sale of stock; necessary averments.*—In a bill by a stockholder to enjoin the sale by the corporation of his stock, in payment of his debt to said corporation, on the ground that he has a claim against the corporation in excess of his alleged indebtedness, the complaint must aver some fact other than the existence of his demand, which is a proper subject of set-off in order to give his bill equity—such as the insolvency of the corporation, or any other fact respecting his alleged claim, which would justify the interposition of a court of equity.

APPEAL from the Chancery Court of Cherokee.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed by the appellant, J. M. Elliott, on November 21, 1891, against William C. Sibley as president of the Round Mountain Coal and Iron Company, J. W. Davis, J. M. Clark and Charles H. Phinize; and prayed to have the defendant Sibley, as president of the said corporation, enjoined from selling certain shares of stock alleged to have been owned by the complainant, and to have the other defendants removed from their respective offices, as directors of the Round Mountain Coal & Iron Co. The ground upon which the injunction was asked, as stated in the bill, was that the said corporation was indebted to the complainant in an amount in excess of the debt due from the complainant to said corporation; and that the claims of complainant for the alleged amount were based upon a resolution adopted at a meeting of the directors of said corporation, among whom were the defendants sought to be removed from the directory. The bill also averred that the defendants J. W. Davis, J. M. Clark and Charles Phinize were not of the legal board of directors of said corporation, never having been legally elected. The Round Mountain Coal & Iron Company was not made a party to the bill.

In their answer the defendants denied the fact of any indebtedness from the corporation to the complainant, and also denied every material allegation of the bill, upon which the complainant seeks relief. The other necessary facts are sufficiently stated in the opinion. The defendants moved to dissolve the injunction on the denials of the answer, and to dismiss the bill for the want of equity, and also demurred to the bill, among others, upon the following grounds: 3. The Round

[Elliott v. Sibley et al.]

Mountain Coal & Iron Company is a necessary party to the suit.  4, 12 and 13.  Said bill does not aver a readiness and willingness on the part of complainant to pay what may be due to said corporation.  7.  No authority or order by the board of directors is necessary for the sale of stock of a corporation in payment of the debt of one of its stockholders.  8.  The claim of the complainant for improvements upon the property of the Round Mountain Coal & Iron Company is not a proper charge against the present respondents.  9.  The bill presents matters which are not proper subjects for adjustment and cognizance by a court of equity.  15 and 18.  The bill is multifarious in that it seeks to enjoin the sale of stock, and at the same time remove from office members of the board of directors alleged to have been improperly elected.  17.  There is a misjoinder of parties, in that William C. Sibley, the rightful president, is joined with those alleged to be illegal directors.

On the submission of the cause upon the motions and the demurrer, the chancellor sustained the grounds of demurrer stated above, and granted the motion to dissolve the injunction upon the denials of the answer, and overruled the motion to dismiss the bill for the want of equity.  The complainant brings the present bill, and assigns as error this decree of the chancellor.

CARDEN & DANIEL  and BILBRO & DORTCH, for appellants, cited *Moses v. Tompkins*, 84 Ala. 613, 4 So. Rep. 763 ; *Perry v. Tuscaloosa Cotton Seed Oil Mill Co.*, 93 Ala. 364, 9 So. Rep. 217 ; *Bliss v. Anderson*, 31 Ala. 612.

J. L. BURNETT, *contra*, cited Cook on Stock & Stockholders, §§ 115, 134, 600, 746, n. 3 ; *Moses v. Tompkins*, 84 Ala. 613, 4. So. Rep. 763 ; *Tutwiler v. Tuscaloosa Coal, Iron & Land Co.*, 89 Ala. 391,7. So. Rep. 398 ; *M. & C. R. R. Co. v. Grayson*, 88 Ala. 572, 7 So. Rep. 122 ; *Nelson v. Hubbard*, 96 Ala. 238, 11 So. Rep. 428 ; 23 N. J. Eq. 216 ; 20 N. J. Eq. 122.

COLEMAN, J.—The object of the present bill was to enjoin Sibley, the president of the Round Mountain Coal & Iron Co., a corporation, from selling certain shares of stock, belonging to complainant Elliott, and also to have removed from office certain persons claiming to be directors of said corporation.

The bill avers that Sibley advanced to complainant five hundred dollars in money, for which complainant executed his note, to be expended by complainant in the adjustment of a law-suit, in which the corporation was interested, and fifty shares of stock were placed in the hands of Sibley as collateral for the advance of the money ; that the five hundred dollars were expended according to agreement, and afterwards Sibley transferred the note and shares to the corporation. The bill also avers that the corporation claimed an indebtedness from complainant on a rental contract of over three thousand dollars, and to pay this alleged indebtedness, Sibley the president, was proceeding to sell complainant's shares of stock ; but that, in fact, on a settlement of accounts, there would be a balance due complainant, over and above the rental indebtedness, of more than four thousand dollars. A temporary injunction issued upon the filing of the bill. Respondents moved to dismiss the bill for want of equity, demurred to the bill, assigning various grounds of demurrer, and, upon the denials of the answer, moved to dissolve the injunction. At the hearing, the motion to dismiss the bill for want of equity was denied. Several grounds of demurrrer were held to be good, and the injunction was dissolved. From the rulings of the court, dissolving the injunction, and sustaining certain grounds of demurrer the complainant appealed.

It requires neither argument nor citation to show that where a bill is filed to enjoin the sale of stock of a shareholder to satisfy an indebtedness due the corporation, upon the grounds that the debt is not due, or has been paid, or that the corporation is indebted to the shareholder in an amount exceeding that claimed to be due the corporation, and which prays for a statement of account, the corporation itself is an indispensable party. It is also elementary, that in such a bill, mutual indebtedness existing, the complainants should offer to do equity, — should aver a readiness to pay whatever may be found due from him, upon the statement of the account. It may be that to authorize a suit for an unpaid subscription for stock there should be some action on the part of the directors, as was declared in *Moses v. Tompkins*, 84 Ala. 613, 4 So. Rep. 763 ; though this would depend somewhat upon the character of the subscription and the charter or by-laws of the corporation.—Chapters VII,

and VIII of Cook on Stocks & Stockholders. But these principles have no application where the corporation is proceeding to collect a past due debt, fixed by contract between the parties, and for which the other stockholders are in no way liable. On such an indebtedness the debtor, although a stockholder, is treated as a stranger. Section 1674 of the Code declares a lien upon the shares of stockholders for any debt or liability incurred to the corporation by such stockholder and provides for the sale of the same. To enforce such a lien, *prima facie*, no action is necessary on the part of the directors.

These principles dispose of all the errors assigned as to the ruling of the court upon the demurrers to the bill, except that of multifariousness.

It is urged that the bill is multifarious in this, that the bill seeks to enjoin the sale of complainant's stock, and in the same bill, it is sought to enjoin certain parties from acting as directors on the ground that their election was illegal and void. The rule declared by this court is, that "a court of equity will not primarily take jurisdiction to determine the legality of an election of directors or to remove a director who is in possession of the office. The court will enquire into the regularity of the election, or the right of the person to the office, only when the question arises incidentally and collaterally in a suit of which the court has rightful jurisdiction and the grant of relief depends upon its decision."—*Perry v. Tuscaloosa Cotton Seed Oil Mill Co.*, 93 Ala. 364, 9 So. Rep. 217 ; *Nathan v. Tompkins*, 82 Ala. 437, 2 So. Rep. 747.

The relief sought in the present case is against the corporation. The validity of the claims of the corporation against the complainant, and his defense to the note, and the rightfulness of his claim for improvements, which he avers to be in excess of his indebtedness for rent to the corporation, in no way depend upon any act of the alleged illegal directors or of the corporation since their election. The note for five hundred dollars passed to the corporation before their election, and the rental contract was executed prior to their election. Whether, therefore, the election of these directors was legal or illegal can have no influence upon his right to relief. We hold, therefore, complainant's bill does not present a case which will authorize a

[Elliott v. Sibley et el.]

court of equity to enquire into the legality of the election of the directors. It does not present a case so much of multifariousness as a want of equity in this respect. We have not overlooked the fact, that complainant's claim for improvements seems to be based upon a resolution adopted at the meeting of the directors, alleged by complainant to have been an illegal meeting of directors.

Upon the denials of the answer the court decreed a dissolution of the injunction. The rule is not inflexible, that a temporary injunction will be dissolved, upon the denials of an answer, however definite and specific. Facts and circumstances attending each case should be considered, and whether and how far the denials of the answer are sustained by them. The consequences to the parties should enter into and weigh in forming a proper conclusion. Amendable defects are to be considered as amended when there is equity in the bill.—*East & West R. R. Co. v. East Tenn. Va. & Ga. R. R. Co.*, 75 Ala. 275. We are clear that as to the shares of stock pledged as collateral security for the payment of the note for five hundred dollars, the injunction was properly dissolved. The allegations of the bill, that the money was advanced to complainant to be expended in the adjustment of a law-suit is specifically denied. The execution of a note, which apparently bears interest, and the pledge of the stock to secure its payment do not comport with complainant's claim, but tend to support the averment of the respondent, that the note was executed for a loan of money to complainant.

As to the claim of complainant for improvements which he avers is in excess of the debt due from him for rent, and which complainant asked to be applied in extinguishment of his own indebtedness, the principle which governs was stated in *Gafford v. Proskauer & Co.*, 59 Ala. 264, as follows: "But if it becomes necessary for the mortgagor to resort to equity for relief upon the ground that he has a proper set-off against the mortgagee, he must show some other fact, than the mere existence of the demand which is the proper subject of set-off."

The bill does not aver the insolvency of the Round Mountain Coal & Iron Co., or any fact in respect to the alleged claim for improvements, which justifies the interposition of a court of equity, to enjoin the sale of the

stock, for the payment of the debt admitted to be true. *Tate v. Evans,* 54 Ala. 16. In fact the corporation is not even a party defendant to the bill. But considering all necessary averments and amendments made, the specific denials of the answer, the resolution of the board of directors authorizing the improvements, the failure of the bill to bring complainant within the terms of the resolution, upon which .he bases his claim, we think the court was justified in decreeing a dissolution of the injunction.

There is no error in the record available to appellant, and there are no cross assignments of error by appellee.

Affirmed.