# Crow *v*. Florence Ice & Coal Company *et al.*

*Bill in Equity to Cancel Certificates of Stock in a Corporation, and to Annul an Election of Directors and Officers thereof.*

1. *Equity jurisdiction; corporations; election of directors.*—A court of equity will not primarily take jurisdiction to determine the legality of an election of directors of a corporation, or to remove a director who is in possession of the office. The court will inquire into the regularity of the election, or the right of the person to the office, only when the question arises incidentally and collaterally in a suit of which the court has rightful jurisdiction, and the grant of relief depends upon its decision.

2. *Same; same; fictitious stock.*—Equity has jurisdiction to declare a fictitious issue of stock of a corporation to be void; and to have the certificates representing such issue cancelled; but the validity of the issue of stock can in no wise depend upon the legality or regularity of the election of officers and directors, held nearly nine months after the issuance of the certificates of stock in question. Though the issuance of such stock might affect the validity of the election, this could not impart to a chancery court jurisdiction to determine that question, without the further condition, that the relief prayed for, in respect to having the issuance of stock declared fictitious and void, depended upon the validity *vel non* of the election of directors.

3. *Equity pleading and practice; corporations; bill by stockholder individually.*—As a general rule, a stockholder in a corporation cannot bring suit to remedy an alleged corporate wrong without having first applied to the directors of the corporation for redress of his grievances; but it is not necessary to seek redress at their hands, where it would be wholly useless and unavailing. It is necessary however, that the bill should show that fact by clear and definite averment of facts.

4. *Same; same; same.*—Where a bill alleges that certain persons are illegally acting as directors of a corporation, and that two other persons are directors, but that the latter are not exercising any duties as such, and are not in possession of any books

[Crow v. Florence Ice & Coal Company.]

or property of the corporation, it is not necessary for a stockholder to seek redress through the latter persons before filing his individual bill for redress of corporate grievances.

5. *Same; demurrers.*—Where a demurrer to a bill assigns several grounds therefor, some of which are good and others bad, a decree sustaining the demurrer generally is proper.

APPEAL from the Chancery Court of Lauderdale.

Heard before Hon. W. H. SIMPSON.

The bill in this cause was filed by the appellant, Thomas W. Crow, against the appellee, and others named in the opinion. The purpose of the bill, and averments thereof, and propositions raised by demurrer are shown by the opinion. A demurrer to the bill was sustained, and therefrom the complainant takes this appeal.

EMMETT O'NEAL, for the appellant.

PAUL HODGES and JOHN T. ASHCRAFT, *contra.*

DENSON, J.—The bill in this case was filed by Thomas W. Crow in his individual capacity as a stockholder in the Florence Ice & Coal Company, a corporation, against the said corporation, Henry J. Moore, Walter D. Moore, John T. Ashcraft, F. E. Wright, Emmett O'Neal and James M. Crow.

One of the purposes of the bill is to have the court declare the issuance of 40 shares of stock in said corporation to F. E. Wright, on the 9th day of January, 1903, fictitious and void, and that the certificate of said stock be surrendered and cancelled.

Another purpose is to have the election of Henry J. Moore, Walter D. Moore and Thomas W. Crow (complainant) as directors of said corporation, at a stockholder's meeting presided over by Walter D. Moore on the night of the 4th of November, 1903, declared illegal and void, and to have the election of Henry J. Moore, as president, and Walter D. Moore, as secretary and treasurer of said corporation, by Henry J. Moore and Walter D. Moore, claiming to be directors, declared illegal and void, and to have the court decree that complainant, Emmett O'Neal, and James M. Crow are the direc-

tors of said corporation; that complainant is the president, and James M. Crow is the secretary and treasurer of said corporation.

All the respondents, except Emmet O'Neal and James M. Crow, joined in a demurrer to the bill, assigning twenty grounds or causes of demurrer. The chancellor sustained the demurrer upon all the grounds, except the 14th, 15th, 17th, 18th, 19th and 20th. The appeal was taken from the decree by the complainant, and he has assigned as error the decree sustaining the grounds of demurrer as above indicated.

It has been frequently held by this Court that, "A court of equity will not primarily take jurisdiction to determine the legality of an election of directors of a corporation, or to remove a director who is in possession of the office. The court will inquire into the regularity of the election, or the right of the person to the office, only when the question arises incidentally and collaterally in a suit of which the court has rightful jurisdiction, and the grant of relief depends upon its decision." —*Nathan v. Thompkins*, 82 Ala. 437; *Moses v. Thompkins*, 84 Ala. 613; *Perry v. Tuskaloosa Cotton Oil Mill Co.*, 93 Ala. 364; *Elliot v. Sibley*, 101 Ala. 344.

In the last case cited, this principle was based, not so much upon the doctrine of multifariousness as a want of equity in the bill in this respect.

Equity jurisdiction to declare the issuance of fictitious stock in a corporation void, and to have the certificates representing such stock cancelled, cannot be questioned. The question to be determined then is, whether or not the relief prayed for, with respect to having the issuance of the stock declared fictitious and void, depends upon a decision of the regularity *vel non* of the election of the directors and officers of the corporation.

It is shown, by the averments in the bill, that the alleged fictitious stock was issued and signed by the legal officers of the corporation on the 9th day of January, 1903, and that the election of the board of directors, whose title to the office is attacked, was held on the night of the 4th of November, 1903. Under this state of the case we fail to discover that the validity of the issuance of the stock could in any wise depend upon the le-

gality or regularity of the directors and officers of the corporation, at an election held nearly nine months after the issuance of the stock. It may be, that a decree by the court, declaring that the issuance of the stock was fictitious and void, would affect the validity of the election of the directors in such way as to put a proper person in position to institute proper proceedings to have the question judicially determined. But this, even if it could have been held to have arisen incidentally, could not of itself impart to the chancery court jurisdiction to determine the question, in the absence of the further condition, that the relief prayed for, in respect to having the issuance of the stock declared fictitious and void, depended upon a decision of the validity *vel non* of the election of the directors. In this view of the case the bill was without equity, and the 7th, 8th, 11th and 16th grounds of demurrer, which present the question, were properly sustained.

An individual stockholder of a corporation, as a general rule, cannot bring a suit to remedy an alleged corporate wrong without having first applied to the directors of the corporation for redress of his grievances.— *Bell v. Montgomery Light Co.,* 103 Ala. 275; *L. & N. R. R. Co. v. Neal,* 128 Ala. 149. But there is an exception to the rule; the exception is that the stockholder need not seek redress at the hands of the corporate authorities when it would be wholly unavailing and futile. It is necessary, however, that this excuse should be disclosed in the bill by averment of the facts with particularity and definiteness.—Authorities *supra; Jasper Land Co. v. Wills,* 123 Ala. 652; *Montgomery Traction Co. v. Harmon,* 140 Ala. 505.

The bill, touching this matter, shows that, after the entire capital stock of the corporation had been subscribed for and taken, the 40 shares were issued to F. E. Wright on the 9th day of January, 1903. That on that day, Henry J. Moore, the president of the corporation, and J. S. Kilburn, its secretary, at the instance and request of John T. Ashcraft, issued the 40 shares of stock to Wright; that Kilburn as secretary signed the certificates of stock upon the representations of the said Henry J. Moore and John T. Ashcraft that the ice

plant and all machinery necessary for the manufacture of ice, "duly installed" and ready for operation had been purchased at and for the sum of $13,000.00, and that the said stock, so issued to the said Wright, was paid for by giving a credit, on the purchase price of the said ice plant, of $4,000.00. It is alleged that the representations were relied on by Kilburn when he signed the certificate of stock issued to Wright; it is also averred that these representations were untrue and that the plant only cost $9,000.00; that the stock was issued to Wright without any consideration paid or to be paid by the said Wright in money, property or services, and was wholly fictitious. It further appears by the averments of the bill that, at the time the stock was issued to Wright, he executed to John T. Ashcraft a general power of attorney authorizing him to vote his stock at all meetings of the stockholders. It is averred that the stock issued to Wright, although no transfer has been made of it on the books of the corporation, is held and owned by Henry J. Moore and John T. Ashcraft, and that the purpose and object of said Moore and Ashcraft in having said stock issued was to secure, for themselves and Walter D. Moore, the control and management of the affiairs of the corporation.

Taking the averments above set out as true, we hardly think it would be reasonable to suppose that Henry J. Moore and Walter D. Moore, the beneficiaries of the alleged fictitious stock, would on demand made by a stockholder have commenced suit to have the issuance of the stock cancelled. But it is further insisted, that a demand to bring the suit should have been made upon the board of directors, alleged to be composed of the complainant, Emmet O'Neal, and James M. Crow. The bill clearly shows that these men, while they claim to be the directors of the corporation, are not exercising any of the duties of directors; they are not in possession, control or management of any of the property of the corporation. They have none of the corporation's books, papers, or assets in possession. It is also shown that the board of directors, presided over by Henry J. Moore, is the governing board and engaged in carrying on the business of the cor-

poration. It must be held, that the averments of the bill brought the complainant within the exception to the general rule, and that the 3rd, 4th, 9th and 10th grounds of the demurrer were not well assigned.

Section 234 of the Constitution prohibits the issuance of stock in corporations except for money, labor done, or property actually received; and declares that all fictitious increases of stock or indebtedness of a corporation shall be void. The bill, as we have seen, avers that the 40 shares of stock issued to Wright were issued without any consideration paid or to be paid by the said Wright in money, property, or services, and were wholly fictitious. We have also noticed the averments of the bill as to the representations which were made at the time the stock was issued. The averments were sufficiently specific to uphold the bill against the objection pointed out by the 12th and 13th grounds of the demurrer. The 1st ground of the demurrer was general and should not have been considered.—Code § 700, and authorities there cited.

We have in what has been said covered all the points made by the assignments of error, and, we trust, have furnished a guide by which the complainant may amend his bill, if he should desire to further prosecute the suit, and to this end the complainant will be granted 30 days within which to amend the bill.

While we have held that some of the grounds of demurrer to the bill were not well taken, yet, the demurrer having been properly sustained on other grounds assigned, the decree of the chancery court must be

Affirmed.

McClellan, C. J., Tyson and Anderson, J.J., concurring.