SOCIETY OF MUTUAL SUCCOR SAINT MARY OF LATTINI OF
ROCCAMONFINA *vs.* ANGELO IACOBE & others.

Essex.    January 7, 1919. — February 27, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction,* To enable corporation to obtain property retained by
former officers, Remedy at law.    *Fraternal Beneficiary Corporation.    Cor-
poration.    Mandamus.    Equity Pleading and Practice,* Findings of master.

In a suit in equity by a fraternal beneficiary corporation against certain of its
members, who had been its officers and who contended that they still were its
officers, to compel them to deliver to the plaintiff its books, records, money and
other property, the plaintiff contended that new officers, who had superseded
the defendants, had been elected at the annual meeting of the corporation.
The constitution of the corporation provided "that at the last meeting of the
year the President shall appoint a provisional commission or Election Com-
mittee . . . , which Committee shall have charge of the Election. . . ."    The
constitution also provided that "in case of necessity the assembly can elect a
special temporary commission or committee for a particular subject."    A by-
law provided that "the President shall be given full power at any time and at
different meetings, whenever the minds are excited and to avoid disturbance,
to dissolve and adjourn for another date the meeting."    At a last meeting of the
year, fully attended, an election committee was appointed and reported that
no election of a physician could be had because the applications did not comply
with the by-laws, and announced that there would be an "election of the
officers only.    The members then rose and began to shout and the meeting
got tempestuous."    The president of the election committee finally stated,
"I postpone the election to some other day and there will be a notice of
it."    No motion to adjourn was made and no motion was put to the meet-
ing.    Fifty-six members left the meeting, and those who were left, who consti-
tuted more than a majority of the total membership of the corporation,
proceeded to organize, elected a temporary chairman and an election committee,
and thereafter the members present elected all the officers and the physician.
*Held,* that the meeting was neither dissolved nor adjourned nor legally post-
poned, and that a case of necessity arose which authorized the election of a
"special temporary commission or committee for a particular subject," that
the election was a valid one and that the defendants must deliver the books,
records, money and property to the plaintiff.
In the case above described a master found "that the duly appointed Election
Committee did not have charge of the election . . . and that the Society as a
whole was not present at this said election, and therefore the choice of officers
and physician made should not stand."    *Held,* that this so called finding of the
master was not wholly a finding of fact, but included an erroneous ruling of
law and could not affect the rights of the plaintiff.

In the same case it was *held* that, although mandamus is an appropriate remedy by which to determine the validity of an election of the officers of a corporation and ordinarily a court of equity is without jurisdiction to determine such questions, yet in the present case the corporation sought to recover the possession of its property from the defendants and the validity of the election was merely incidental to the relief sought, and accordingly that the court had jurisdiction in equity to order the defendants to deliver the books, records, money and other property to the present officers of the plaintiff.

BILL IN EQUITY, filed in the Superior Court on January 25, 1918, by a fraternal beneficiary corporation against its former officers and physician alleged to be wrongfully in possession of the books, records, money and other property of the corporation, alleging that other members had been elected the officers and physician of the corporation at a meeting held on January 20, 1918; praying that the defendants might be restrained from exercising the powers of officers of the plaintiff, that they might be ordered to deliver to the present officers of the plaintiff all books, records, money and other property in their possession belonging to the plaintiff, for further relief and for costs.

The case was referred to a master, who filed a report, which contained among other findings those that are stated in the opinion. The master found thàt the election of the plaintiff's present officers and physician made on January 20, 1918, should not stand. The plaintiff filed exceptions to the master's report.

The plaintiff's exceptions to the master's report were heard by *Quinn,* J., who made an interlocutory decree confirming the master's report and ordering that the exceptions thereto be overruled. The plaintiff appealed. Later by order of the judge a final decree was entered ordering that the bill be dismissed and that the defendants recover their costs. The plaintiff appealed.

The case was submitted on briefs.

*F. L. Simpson, A. G. Rocco & R. A. A. Comparone,* for the plaintiff.

*J. A. O'Mahoney,* for the defendants.

CROSBY, J. The plaintiff is a fraternal beneficiary association incorporated under the laws of this Commonwealth for the purpose of paying sick and funeral benefits. The defendants were officers of the association on March 20, 1918, when the election hereinafter referred to was held. The third prayer of the bill is, that the defendants may be required to deliver to the plaintiff

the books, records, money and other property of the corporation in the possession of the defendants.

The case was referred to a master who found the following facts: That the constitution of the society contains the provision "that at the last meeting of the year the President shall appoint a provisional commission or Election Committee consisting of a President, two assistants, and two secretaries, which Committee shall have charge of the Election on the Election Sunday, and the President of which Committee shall preside at the Election;" that "the day appointed in its Constitution for the election of its officers and Physician is the third Sunday in January in each year;" and that Article 80 of the constitution provides that "in case of necessity the assembly can elect a special temporary commission or committee for a particular subject." The master also stated in the report that there was in evidence an amendment to the "Laws of the Society" which provides that "the President shall be given full power at any time and at different meetings, whenever the minds are excited and to avoid disturbance, to dissolve and adjourn for another date the meeting." He further found that a general meeting of the members was held on Sunday, January 20, 1918; that it was the annual meeting held for the purpose of electing officers and a physician; that there were present one hundred and thirty-eight members out of a total membership of one hundred and fifty-nine; that a controversy arose respecting the compensation to be paid the physician to be elected for the ensuing year, and the president of the society (the defendant Iacobe) stated that he would have to reject the applications which had been made; that he then called the election committee to the front of the hall, and the committee retired but soon returned, and one Larco, the president of the election committee, stated to the meeting that no election of doctors could be held "because the applications don't comply with the By-Laws;" and further announced that "We shall have the election of the officers only," whereupon "The members then rose and began to shout and the meeting got tempestuous;" that after the president of the election committee had asked the assembly several times whether they would proceed with the election of officers only, he stated "I postpone the election to some other day and there will be a notice of it." No motion to adjourn was made

and no motion was put to the meeting. The president of the election committee then went to the rear door and fifty-six members left the meeting, and although not expressly stated in the record, it is a fair inference that the president of the society was included in the number who went out. The members who remained proceeded to organize, with the election of a temporary chairman, and to elect an election committee; and thereafter the members present elected all the officers and the physician.

There is nothing in the record to show that the president of the election committee had power under the constitution or by-laws to postpone the meeting, and in the absence of such power his act was wholly unauthorized. The right given to the president of the society, under the by-law above referred to, to dissolve or adjourn the meeting for another date "whenever the minds are excited and to avoid disturbance" would not authorize him or the president of the committee to postpone the meeting. That was a power vested solely in the members and had not been delegated to any one. *Smith* v. *Paringa Mines, Ltd.* [1906] 2 Ch. 193, 197. *Ostrom* v. *Greene,* 161 N. Y. 353. We are of opinion that, as the meeting was neither dissolved nor adjourned and was not legally postponed, the members who remained could proceed under Article 80 of the constitution and elect officers and a physician for the society. A "case of necessity" had arisen which authorized the election of a "special temporary commission or committee for a particular subject," and such committee could properly proceed to the election of the officers and the physician which afterwards was held. The election was held on the day appointed by the constitution, more than a majority of the total membership were in attendance, and the meeting was in all respects regular and valid. A majority is entitled to control. If the president of the election committee had the power to postpone the meeting he might thereby continue in office indefinitely the present officials, and defeat the will of the majority. *Elkins* v. *Camden & Atlantic Railroad,* 9 Stew. 467. *Smith* v. *Paringa Mines, Ltd. supra.* The statement of the master that he finds "that the duly appointed Election Committee did not have charge of the election . . . and that the Society as a whole was not present at this said election, and therefore the choice of officers and physician made should not stand," is not wholly a

finding of fact, but includes a ruling of law which is erroneous, and cannot affect the substantial rights of the plaintiff.

The third prayer of the bill, whereby the plaintiff seeks to obtain possession of its property, sets forth a proper ground for equitable relief. *Sabourin* v. *Lippe,* 195 Mass. 470. *Haupt* v. *Rogers,* 170 Mass. 71, 77. While mandamus is an appropriate remedy to pass upon the validity of an election of the officers of a private corporation, and it is held that generally a court of equity is without jurisdiction to determine such questions, it is to be observed that the plaintiff seeks under the third prayer to recover its property. The validity of the election is merely incidental to the relief sought upon other grounds. *Granara* v. *Italian Catholic Cemetery Association,* 218 Mass. 387, 393. *Haskell* v. *Reed,* 68 Neb. 107, 113. *Mechanics National Bank of Newark* v. *H. C. Burnet Manuf. Co.* 5 Stew. 236. *Elliott* v. *Sibley,* 101 Ala. 344.

It follows that the decree dismissing the bill is to be reversed, and a decree entered directing the defendants to deliver to the present officers of the plaintiff corporation the books, records, money and other property described in the bill. The defendants should pay the plaintiff its costs.

*So ordered.*