# REPORTS

OF

# CASES ARGUED AND DETERMINED

## At January Term, 1857.

29 503
96 333

———•◉•———

## SMITH *vs.* PRATTVILLE MANUFACTURING CO.

[BILL IN EQUITY BY STOCKHOLDER AGAINST DIRECTORS OF INCORPORATED COMPANY FOR DIVIDEND AND ACCOUNT.]

1. *When equity will compel directors of incorporated company to declare dividend.*— Although a court of equity will, on the application of a stockholder in an incorporated company, compel the directors to exercise the discretion reposed in them as to the declaration of dividends, if they improperly fail or refuse to exercise it ; yet, where the constitution of the company provides that the directors " shall make such dividends, and such only, as in their discretion they may think the true interests of the company will warrant and allow," and it is shown that the directors did act upon the application of the stockholder, and refused to declare a dividend, because they thought the true interests of the company would not warrant it, equity will not control their action, unless they are proved to have been guilty of bad faith, a willful abuse of their discretion, or a willful neglect or breach of duty.

2. *Liability of directors.*—The directors of an incorporated company, in whom is reposed by its constitution an enlarged discretion in the management of its business, are responsible to the stockholders only for good faith and reasonable diligence : a mere error of judgment on their part, in compromising a debt due to the company, does not entitle a stockholder to relief against them in equity.

APPEAL from the Chancery Court at Wetumpka.
Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by the appellant, against the president and directors of the Prattville Manufacturing Company; charging them with gross mismanagement of the business of the company, misapplication of its funds, &c.; and asking that they might be compelled to render an account of the profits realized from the business, and to declare a dividend for distribution among the stockholders. The defendants answered, denying the charges of mismanagement, misapplication, &c.; alleging in substance, that a dividend of the profits could not be declared consistently with the interests of the company, and that the board of directors, in answer to the application of complainant, had so resolved; exhibiting an account of the assets, net profits, and debts of the company; and demurring to the bill for want of equity.

The act incorporating the company may be found in the Pamphlet Acts of 1845-6, on page 98. The constitution adopted by the members of the company, in pursuance of the powers conferred by the charter, and signed by all of them, which is made an exhibit to the answer, contains the following (7th) article : "The board of managers shall have full power to prescribe the time and manner for paying such installments as may, from time to time, be required on the capital stock ; shall issue a certificate to each stockholder, setting forth the number of shares he owns in said company, which certificate shall be signed by the president and secretary of said board. The cashier of said company shall give to each stockholder a receipt for the amount paid in on the capital stock subscribed for and held by him. Said board of managers shall make and declare such dividends, and such only, as in their discretion they may think the true interests of the company will warrant and allow. No portion or part of the funds or property of said company shall, under any pretext whatever, be appropriated, used, or loaned, to or for any other than manufacturing purposes, as contemplated by the said act of incorporation."

On final hearing, on bill and answer, the chancellor dismissed the bill, and his decree is now assigned as error.

JOHN A. ELMORE, WM. H. NORTHINGTON, and N. S. GRAHAM, for the appellant.—1. Chancery has jurisdiction, at the instance of a stockholder, to call the directors of an incorporated joint-stock company to account, for any abuse of trust, or misapplication of the funds, and to compel them to divide the surplus profits.—Scott v. Eagle Fire Insurance Co., 7 Paige, 198 ; Freeman's Ch. R. 161 ; Fonblanque's Equity, 451–2. It is unquestionably true, as a general rule, that chancery will not interfere with matters which have been confided solely to the discretion of an individual or body of individuals ; but it will always interfere, at the instance of a stockholder, where the trustees have been guilty of fraud, or of misconduct which has produced the same effect as fraud. The constitution of the company does not vest in the board of managers an unlimited discretion in the matter of declaring dividends : it gives them no greater powers than they would have possessed under the general law.— Beaty v. Knowler, 4 Peters, 152. Where there have been large accumulations of profits, and the fund is more than necessary to carry on the business, this is a willful neglect of duty on the part of the managers, which justifies the interference of equity, to compel them to declare a dividend.— 7 Paige, 198. Although the answers here allege that the profits realized from the business are not available, and that the interests of the company do not warrant their distribution ; yet the accounts exhibited with the answers, contradict these allegations, and show that there is a large surplus on hand, after paying all debts and expenses, and retaining enough to meet the current expenses. It appears that the company commenced business with a capital stock paid in of $92,195, with which they bought their lands, built their houses, and erected their machinery ; and now, after the lapse of eight years, their net profits, as admitted in the answer, exceed $60,000. How this amount can now be necessary to meet the current expenses of the business, is not perceived. An outlay might be necessary in starting the business ; but, after operations have been carried on so successfully for nearly ten years, the business ought at least to pay its current expenses by its sales. Where is this accumu-

33

lation to stop ?   What is to satisfy the "enlarged discretion" of the managers ?

2. The directors, or managers, of a joint-stock corporation, occupy the relation of trustees for the stockholders, and are responsible to them for the want of ordinary care and diligence.—Verplank v. Mercantile Insurance Co., 1 Edwards, 84 ; Robinson v. Smith, 3 Paige, 222.

WATTS, JUDGE & JACKSON, *contra.*—1. As the cause was submitted on bill and answer, the allegations of the answer, whether responsive or not, must be taken as true.—Cherry v. Belcher, 5 Stew. & P. 134 ; Lowry v. Armstrong, 3 Stew. & P. 297 ; Forrest v. Robinson, 2 Ala. 215.   The answers negative all the allegations of the bill as to the losses sustained from the failure of the commission merchants in New Orleans, and dispose of that branch of the case.

2. As to the other alleged ground of equity—the failure of the directors to declare dividends, we say, 1st, that equity will not interfere, even in ordinary cases, unless the directors should fraudulently, and without any reasonable cause, refuse to divide such surplus profits as were of no use to the successful operation of the. company ; and we have not been able to find any case, English or American, in which a court of equity has interfered to compel a subsisting corporation to declare a dividend.   These views are sustained by some expressions of opinion in the cases of De Puyster v. The American Fire Insurance Co., 6 Paige, 487 ; and Scott v. The Eagle Fire Ins. Co., 7 Paige, 203.   But in this case, under the peculiar phraseology of the constitution adopted by the company, the question of dividends is vested entirely in the discretion of the board of directors ; and it is shown by the answer that this discretion was exercised by them on the application of the complainant.   To sustain this branch of the case, under these circumstances, would make the chancellor the manager of every incorporated company in the State, and would substitute the discretion of one man for that of the board of directors chosen by the stockholders.

RICE, C. J.—Prattville Manufacturing Company, Number One, is a manufacturing corporation created by an act of the

general assembly of this State, approved January 13th, 1846. The charter defines the rights and powers of the corporation, and determines its objects ; but it does not define the terms of the individual contract of the member with the corporation itself. The terms of that contract are prescribed and fixed by the written instrument adopted pursuant to the powers conferred by the charter, and signed by all the members, as their " constitution for the future government of said incorporated company ;" a copy of which is attached as an exhibit to the answer of the defendant Mims. By signing and adopting that constitution, each of the members agreed to be bound by the terms of his contract, as therein defined, and by the acts of the corporation and its managers, performed within the scope of the powers conferred by the said constitution and charter. It is part of that contract, as shown in that constitution, that the five managers, to be elected annually from the stockholders, shall have the control and direction of the business of the company, and that the board of managers " shall make and declare such dividends, *and such only, as in their discretion they may think* the true interest of the company will warrant and allow."—N. O. J. & G. R. R. Co. v. Harris, 27 Mississippi Rep. 517 ; Livingston v. Lynch, 4 Johns. Ch. Rep. 573 ; Pratt v. Bacon, 10 Pick. R. 123.

The complainant is one of the stockholders. He does not question the validity of the contract, nor show any ground which would authorize a court of chancery to relieve him from it. But, conceding its validity, he files his bill against the other stockholders, the corporation, and its managers, to compel them to come to an account in the court of chancery, as to the management of the business of the company, and to declare a dividend of the profits, or to have such dividend declared by the court itself.

It is not the meaning of the contract, that the partial inconvenience of a member should prevail over the interest of the company, or that the right of a member to receive dividends should be absolute and unrestricted. The managers are officers of the company, and trustees of the stockholders. In both capacities, they are clothed with a large discretion in relation to the declaration of dividends. They may be compelled to exercise that discretion, if they

improperly fail or refuse to exercise it. But when they have exercised it, without any violation of the charter or constitution of the company, their action cannot be disregarded or controlled by any court, at the instance of a stockholder, unless it is shown to have been a willful abuse of their discretion, or the result of bad faith, or of a willful neglect or breach of a known duty.—Angell & Ames on Corporations, §§ 312–314 ; Robinson v. Smith, 3 Paige, 222 ; Forbes v. Whitlock, 3 Edw. Ch. R. 446 ; The Bushwick & Turnpike Co. v. Ebbetts, *ib.* 353 ; Van Courtlandt v. Underhill, 17 Johns. R. 405 ; Dodge v. Woolsey, 18 How. (U. S. Sup. Ct.) Rep. 331 ; Godbold v. Br. Bk. at Mobile, 11 Ala. R. 191.

It appears in this case, that a short time before the bill was filed, to-wit, in July, 1854, the discretion vested in the managers was exercised by them, at the instance, and upon the demand, of the complainant ; that, in the exercise of that discretion, they denied his application for the declaration of a dividend, and passed a resolution, declaring that they thought the true interest of the company would not warrant and allow a dividend of any of the surplus on hand at that time, " because the apparent amount due the company by the annual report to the 1st July, 1854, was not in available funds." There is no violation of the charter and constitution, and no proof of any fraud, willful neglect, or breach of a known duty, or bad faith, in that exercise of their discretion Their action was certainly nothing more than a mere error of judgment. There is, therefore, no ground upon which to rest the jurisdiction of the court of chancery to interfere with their discretion or with its exercise.—Dodge v. Woolsey, and other authorities cited *supra*; Ware v. The Grand Junction Water Works Co., 2 Russel & Mylne, 470.

It is alleged in the bill, that large profits have been realized from the business of the company, and that the managers, having control of those profits, have appropriated them to their own use. If this allegation had been either admitted or proved, there would have been ground for the interposition of a court of chancery. An appropriation by the managers, of those profits, to their own use, would be a breach of trust; and for this, or any other like violation of the trust on the part of the managers, a stockholder would be entitled to

relief in a court of chancery.   But there is no admission or proof of any such violation of the trust ; and the bill in this respect must therefore fail.—Dennis v. Kennedy, 19 Barb. Sup. Ct. Rep. 517.

The only other matter to be noticed, is that feature of the bill which seeks to compel the managers to account for that part of the debt or demand of the company against Hazard & Green, its commission merchants in New Orleans, from which they were discharged on the compromise effected in relation to that demand or debt.   It appears that the compromise was made by Mims, under the direction of the managers.   There is not the slightest proof of fraud, or bad faith, or gross neglect, in making that compromise.   Managers of corporation affairs, clothed with such discretion as is conferred upon those of Prattville Manfacturing Company Number One, stipulate to the stockholders for no more than good faith and reasonable diligence : where these are not wanting, mere errors of judgment on the part of such managers do not entitle a stockholder to relief in a court of chancery.—See authorities above cited, and Mozley v. Ashton, 19 Eng. Ch. Rep. 790.

The complainant was, at the time he became a stockholder, competent to contract.   He did contract; and, so far as the facts of the case appear in the uncontroverted answers, they show that the acts of which he complains were done in good faith, and in the exercise of the powers vested in the managers, by the contract of himself and the other stockholders.   If the contract operates harshly upon him, that of itself is no reason why the court should relieve him from it.   He should have considered its effects before entering into it.   The court cannot "go the romantic length" of affording indemnity against the consequences of indolence or folly.   Nor can it usurp the direction of private corporations, at the instance of a member whose only complaint is against acts of the managers done in good faith, and clearly authorized by his own contract.—We cannot open the door to any such fields of litigation.

The decree is affirmed, at the costs of the appellant.