# Louisville & Nashville Railroad Co. *et al. v.* Neal, Admx.
## and
# Neal, Admx. *v.* Louisville & Nashville Railroad Co. *et al.*

*Bill in Equity by Individual Stockholder against Corporation for Protection against Mismanagement of Corporate Affairs.*

1. *Right of stockholder to file bill to redress corporate wrongs; what must be shown.*—Before a stockholder can maintain a suit in his own name against a corporation of which he is a member, to redress alleged corporate wrongs, he must show to the satisfaction of the court that he has done all in his power to obtain, within the corporation itself, the redress of the wrongs complained of; that he has made an honest effort to get the governing body of the corporation to remedy the wrongs, and, failing with them, he then applied to the stockholders as a body to take action towards redressing the grievances complained of.

2. *Same; bill must allege the facts showing excuse for not requesting governing body to sue, and not mere conclusions.*—Where a bill is filed by a stockholder of a corporation to have re-

[Louisville & Nashville Railroad Co. *et al.* v. Neal, Admx.]

> dressed alleged corporate wrongs, without having made a re-
> quest of the managing body of the defendant corporation to
> have corrected the grievances complained of, the complainant
> must aver in his bill the facts constituting his excuse for
> not making such request with particularity and definiteness;
> and the averment of conclusions will not suffice, but the facts
> upon which these conclusions are based must be averred.

APPEAL from the City Court of Birmingham, in Equity.

Heard before the Hon. WILLIAM W. WILKERSON.

The bill in this case was filed on May 3, 1890, by Martha A. Neal, as administratrix of the estate of David Neal, deceased, against the Louisville & Nashville Railroad Company and the South & North Alabama Railroad Company.

It was averred in the bill that the complainant, Martha A. Neal, as administratrix, was the owner of 20 shares of stock of the par value of $100 each of the South & North Alabama Railroad Company, and that her intestate was the owner of the same during the time all the matters and things complained of in the bill occurred. It was then averred that the Louisville & Nashville Railroad Company operates and controls an extensive system of railroads embracing, among others, a continuous line from Louisville, Kentucky, to New Orleans, Louisiana, of which line the South & North Alabama Railroad forms one of the connecting links, extending from Montgomery, Alabama, to Decatur, Alabama; that while the South & North Alabama was nominally operated as an independent road under the management of the officers and directors of its own company, it is, in fact, operated and managed by the Louisville & Nashville Railroad Company. The bill avers at great length that during the years 1871 and 1872 the Louisville & Nashville Railroad Company, by wrongful, fraudulent and illegal methods acquired control of the majority of the stock of the South & North Alabama Railroad Company; that while so in control of the South & North Alabama Railroad Company it procured preferred stock to be issued to it and had the South & North Alabama Railroad Company to issue bonds to a

large amount exceeding the value in amount of the stock of the corporation and said bonds were acquired by the Louisville & Nashville Railroad Company. The facts relating to the many alleged wrongful transactions between the Louisville & Nashville Railroad Company and the South & North Alabama Railroad Company were averred in detail and set forth at length in the bill. It was further averred that the result of the transactions had between the Louisville & Nashville Railroad Company and the South & North Alabama Railroad Company were practically to destroy the value of the stock of the latter railroad company and thereby work great injury upon the complainant and other stockholders; that all of the transactions and corporate wrongs complained of were had under the control and direction and for the benefit of the Louisville & Nashville Railroad Company; "that the Louisville & Nashville Railroad Company pretended to own a majority of the stock of the said South & North Alabama Railroad Company, and appear on the books of said company to own a majority of the stock thereof, and by means thereof elect a president and directors of said company, a majority of whom are mere servants and creatures of the said Louisville & Nashville Railroad Company, and have done so ever since 1871, and the said board of directors so elected make, and have made, under control of the majority, all such orders, resolutions, by-laws, etc., as they are directed to make by the said Louisville & Nashville Railroad Company, and do whatever is required in the interest of the said Louisville & Nashville Railroad Company, regardless of the interest of the South & North Alabama Railroad Company, and of the real stockholders thereof."

The fourteenth and fifteen paragraphs of the bill, relating to the government of the South & North Alabama Railroad Company were in words and figures as follows: "14th. That during the long period of wrongdoing recited above, the Louisville & Nashville Railroad Company has been careful to put into office as directors of the South & North Alabama Railroad Company only men of high character and standing in the city

of Montgomery and other parts of Alabama, (besides such of its own directory and officers or friends as it made officers and directors of the South & North Alabama Railroad Company) ; and they were generally men who had so much business of their own that they did not have time to look into the affairs of the South & North Alabama Railroad Company, and would have been unable to do it, and could not, in fact, examine said dealings and accounts if they were so inclined without going to Louisville, Kentucky, where all the books, papers and vouchers and other evidence of the actual business of the South & North Alabama Railroad Company have been kept since 1872, and these men of high character whose statements had weight with the community and with orator, either because they were honestly mistaken and over-reached by fair and plausible statements of the managers of the Louisville & Nashville Railroad Company, or for some other reason unknown to orator, have repressed inquiry on the part of the stockholders of the South & North Alabama Railroad Company by most impressive assertions that no such wrongs existed, and by assertions of this kind coming from those men of high character from time to time during many years, orator has been misled, and has been kept in ignorance of the wrong-doing of the Louisville & Nashville Railroad Company set forth in this bill, and has not even yet been able to acquire full knowledge of all the wrong and injury done by reason of the hostile control which the Louisville & Nashville Railroad had acquired over the South and North Alabama Railroad Company, or how or to what extent and by the use of what influence it has been able to so completely blind, sway and direct a majority of the directors who have pretended to control the affairs of the said railroad from 1872 to the present time. And orator avers that it has never had the information or the means of acquiring the information necessary to carry on this suit, or of the matters stated in this bill until within a short time before the filing of this bill and within less than one year of said time.

"15th.    That orator believes and charges it to be a fact that a majority of the persons who now compose the

South & North Alabama Railroad Company, are so thoroughly controlled by, and identified in feeling and interest with the Louisville & Nashville Railroad Company that they would not, and consistently with their former conduct and declarations, could not carry on any vigorous or properly conducted litigation of the matters of complaint heretofore set out in this bill, and orator believes and charges it to be a fact that it would be futile to call upon the men who now constitute the directory of the South & North Alabama Railroad Company to prosecute this litigation. And orator further states on information and belief that a majority of the present board of directors of the South & North Alabama Railroad Company have long been and now are fully acquainted with the breaches of trust and frauds herein charged against the Louisville & Nashville Railroad Company and justify or excuse the same; that the said majority have long been and now are knowingly and wilfully acting for and with the Louisville & Nashville Railroad Company in seeking to secure and continue the control of said company over the South & North Alabama Railroad Company and its property for the private benefit of the said Louisville & Nashville Railroad Company and its stockholders."

The bill was filed on behalf of the complainant, Martha A. Neal, as administratrix and all the other stockholders of the South & North Alabama Railroad Company who might come in and make themselves parties to the cause, and contribute to the costs of the same.

The prayer of the bill was that upon final hearing a decree be rendered declaring the Louisville & Nashville Railroad Company was not entitled to hold, use or vote the preferred stock as stock at any of the stockholders' meetings of the South & North Alabama Railroad Company, and that said Louisville & Nashville Railroad Company be perpetually enjoined from voting said stock, that it be required to surrender certificates of said stock, and that the same be cancelled, and the complainant further prayed for specific relief in reference to all of the corporate wrongs complained of. To this bill each of the defendants separately demurred upon the

following grounds: "First. There is no equity in said bill of complaint. Second. There is no allegations of such facts as show that there is any equity in said bill of complaint. Third. There is no equity in said bill of complaint in this that there is no allegation that complainant ever applied to the officers and directors of the South & North Alabama Railroad Company to take appropriate legal proceedings to correct the evils complained of in said bill of complaint, and enforce the alleged right of the stockholders of the South & North Alabama Railroad Company against the respondent Louisville & Nashville Railroad Company, and no legal excuse is alleged for not having so applied to the said officers and directors to take such legal proceedings. There is no allegation that a majority of said officers and board of directors are stockholders or have any interest in respondent corporation. Fourth. The statute of limitation of six years. Fifth. Staleness in this that the facts alleged in said complaint show the alleged grievance complained of in said bill of complaint to have existed for fifteen or eighteen years without any steps ever having been taken by the complainant to correct the same. Sixth. Laches in this, that complainant has delayed for ten years or more with full knowledge of the grievance complained of before taking any steps to have said grievance corrected or remedied." There were also several additional grounds of demurrer setting up in various forms the laches of the complainant in asking for the relief.

On the submission of the cause upon the demurrers, a decree was rendered overruling the ground of demurrer, that the complainant was not entitled to maintain the bill, because it was not shown by the averments that the demand had been made on the corporate authorities of the South & North Alabama Railroad Company to correct the corporate wrongs complained of, or a sufficient excuse for such failure, and sustained the ground of demurrer based on the laches of the complainant. The defendants appeal, and assign as error the decree overruling the said certain grounds of demurrer. The complainant prosecutes a cross-appeal and

assigns as error the sustaining of the grounds of demurrer setting up the laches of the complainant.

THOS. G. & CHAS. P. JONES and ALEX C. BIRCH, for Railroad Companies—Under the averments of the bill the cause of action, if any exists, belongs to the corporation, and not to a stockholder, as an individual. It is a fundamental principle, decided many times by the courts of this and other States, that before an individual stockholder can maintain a suit for the mismanagement of corporate affairs, he must first make a demand on the corporate authorities to right the wrongs complained of, or to show that such a demand would be a vain and useless thing. In short the stockholder must aver that he has requested the directors to sue, and that they have dishonored his request, or he must aver such a state of facts that show that such a demand would have been useless.—*Decatur Mineral & Land Co. v. Palm,* 113 Ala. 531; *Steiner v. Parsons,* 103 Ala. 215; *Roman v. Woolfolk,* 98 Ala. 219; *Manufacturing Company v. Cox,* 68 Ala. 71; *Nathan v. Tompkins,* 89 Ala. 437; *Planters Line v. Waganer,* 71 Ala. 581; *Johnson v. Nat. Bldg. & Loan Assn.,* 28 So. Rep. 2; *Hawes v. Oakland,* 104 U. S. 450; *Dimpfell v. O. & M. V. R. R. Co.,* 110 U. S. 209; *Taylor v. Holmes,* 127 U. S. 489; *Holton v. N. C. R. R. Co.,* 138 Pa. 111; *Natural Gas Co. v. Fayette Gas Co.,* 145 Pa. 13; *Flyne v. Brooklyn City R. R. Co.,* 158 N. Y. 493; *Greaves v. Gage,* 69 N. Y. 154. In the event of a refusal of the directors, a stockholder, who considers himself harmed by want of action on the part of the corporate authorities, must then appeal to his fellow stockholders to remove the directory from office, and elect others who will enforce his rights, before assuming to himself the right to sue in his own name.—*Roman v. Woolfolk,* 98 Ala. 219; *M. & P. Line v. Waganer,* 71 Ala. 581; *T. Mfg. Co. v. Cox,* 68 Ala. 71; *Hawes v. Oakland,* 101 U S. 450; *Taylor v. Holmes,* 127 U. S. 489; *Miller v. Murray,* 17 Colo. 408; *Bathone v. P. Gas Co.,* 31 W. Va. 798.

BOWMAN & HARSH, *contra.*

DOWDELL, J.—The appeal and cross-appeal in this case are taken from the decree of the chancellor on the demurrers of respondent to complainant's bill. The bill is that of a complaining stockholder. The wrongs complained of are wrongs done to complainant's company. In such cases the general rule is that action should be instituted in the name of the corporation. For wrongs done the corporation, before a stockholder can institute suit in his own name for the injury done he must first seek for redress of such wrongs within the corporation by applying to the governing board of such corporation —the exception being that he need not seek redress in this manner when it would be wholly unavailing, and this should be shown by the averments of the bill in a clear and unambiguous statement of the facts, which should never be left in mere inference, or to conjecture. *Steiner v. Parsons*, 103 Ala. 215; *Manufacturing Co. v. Cox*, 68 Ala. 71; *Nathan v. Tompkins*, 32 Ala. 437; *Roman v. Woolfolk*, 98 Ala. 219; *Planters Line v. Waganer*, 71 Ala. 581; *Hawes v. Oakland*, 104 U. S. 450.

There is no pretense that complainant ever applied to either the board of directors, or to the stockholders as a body, for redress of the wrongs complained of, nor are the averments of the bill sufficient to withdraw the case from the general rule as above stated, and to bring it within the exceptions where the complaining stockholder is excused from first seeking redress within the corporation. The bill avers that the Louisville & Nashville Railroad Co. controlled in the election of directors in the complainant's company, The South & North Alabama Railroad Co., but it also avers that the directory was composed in part of men of high character and standing, and for aught that appears they constituted a majority of the board. What is stated in the bill, and evidently intended by the pleader, as an excuse or reason for not applying to the directors for a correction of the alleged wrongs, is not such a clear and unambiguous statement of facts as the rule would require, and indeed we might say that at best they are but opinions and conclusions. That men of high character and standing would knowingly permit, in the discharge of the duties

of a trust committed to them, the perpetration and commission of the frauds and wrongs, as charged in the bill, and refuse upon application made by a stockholder to redress the wrong done, is altogether unreasonable. It by no means clearly appears from these statements that if redress had been sought from the board of directors, constituted and made up of men as described in the bill, it would have been without avail. We think the court erred in overruling the respondent's demurrer raising this question.

For want of a brief by the appellant in the cross-appeal, the assignment of error on such cross-appeal will not be considered.

For the reasons pointed out, the decree of the chancellor assigned as error on the direct appeal, will be reversed and the cause remanded, and the decree as to the cross-appeal will be affirmed.