**FARMER v. BROOKS et al.   (4 Div. 195.)**

(Supreme Court of Alabama.   May 14, 1925.)

1. **Corporations** ⬦310(1)—**Directors may be brought to accounting in equity as trustees for breach of common-law duty.**

The directors of a corporation may be brought to an accounting in equity, as trustees thereof, for breach of their common-law duties to the corporation.

2. **Bankruptcy** ⬦145(4)—**Trustee in bankruptcy succeeds to rights of corporation.**

One succeeding to rights of corporation as its trustee in bankruptcy may maintain bill to enforce liability of directors as trustees for negligent conduct on their part in regard to affairs of corporation.

3. **Bankruptcy** ⬦302(1)—**Bill to enforce directors' liability as trustees should state claim of plaintiffs with reasonable sufficiency and certainty.**

In bill to enforce common-law liability of directors as trustees for negligently conducting affairs of corporation, general allegations will not suffice, but bill should state claim with sufficient clearness and certainty that defendants will be informed of nature of case which they are called to meet.

4. **Bankruptcy** ⬦302(1)—**Bill to enforce directors' liability as trustees held demurrable because allegations too vague and general.**

Allegations in bill to enforce common-law liability of directors as trustees, that defendants caused or permitted loss or wastage, and that managing directors were left in control without requirement of bond, but not alleging how loss occurred, or that managing directors were guilty of fraud or misconduct, and it not appearing defendant directors could have required a bond, *held* of too vague and general a character, and demurrer thereto was properly sustained.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

Bill in equity by B. G. Farmer, Jr., as trustee in bankruptcy of the J. H. Armor Mercantile Company, against D. J. Brooks and L. E. Hay. From a decree sustaining a demurrer to the bill, complainant appeals. Affirmed.

Farmer, Merrill & Farmer, of Dothan, for appellant.

The bill is properly brought by the trustee for the corporation. Cooley on Torts, 578; Hannerty v. Stannard Theatre Co., 109 Mo. 297, 19 S. W. 82; Loomis v. Mo. Pac., 165 Mo. 469, 65 S. W. 962; Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827; McEwen v. Kelly, 140 Ga. 720, 79 S. E. 777. The directors of a corporation are liable for negligent failure to administer the affairs of the corporation in good faith and according to the terms of its charter. Bank v. St. John, 25 Ala. 566; Hodges v. N. E. Screw Co., 1 R. I. 312, 53 Am. Dec. 625; Citizens' L. Ass'n v. Lyon, 29 N. J. Eq. 110; Ellis v. Ward, 137 Ill. 509, 25 N. E. 530; Wayne Pike Co. v. Hammons, 129 Ind. 368, 27 N. E. 487; Briggs v. Spaulding, 141 U. S. 132, 11 S. Ct. 924, 35 L. Ed. 662; Fisher v. Parr, 92 Md. 245, 48 A. 621; Greenville Gas Co. v. Reis, 54 Ohio St. 549, 44 N. E. 271; Magpie Gold Min. Co. v. Sherman, 23 S. D. 232, 121 N. W. 770, 20 Ann. Cas. 595; 14 C. J. 149.

John H. Wilkerson, of Troy, and M. S. Carmichael, of Montgomery, for appellees.

The allegations of negligence are general, and are not sufficient. 14a C. J. 102; King v. Livingston Mfg. Co., 192 Ala. 277, 68 So. 897; Wynn v. Tallapoosa County Bank, 168 Ala. 469, 53 So. 228; Riles v. Coston-Riles L. Co., 208 Ala. 508, 95 So. 43; Kidd v. Morris & Co., 127 Ala. 393, 30 So. 508; Bell v. Sou. Home Co., 140 Ala. 377, 37 So. 237, 103 Am. St. Rep. 41; Davis v. Simpson Co., 162 Ala. 429, 50 So. 368.

GARDNER, J. This bill was filed by appellant, as trustee in bankruptcy of the corporation known as the J. H. Armor Mercantile Company, against D. J. Brooks and L. E. Hay, two of the directors of said corporation, for the purpose of enforcing the common-law right of a corporation to hold its directors responsible as trustees for negligent conduct on their part in regard to its affairs. Respondent Brooks alone appears, and interposed demurrers to the bill as amended, and from the decree sustaining this demurrer, the complainant has prosecuted this appeal.

[1] That the directors of a corporation, as here involved, may be brought to an accounting in equity as trustees thereof, for a breach of their common-law duties thereto, is well established by the weight of authority, and was recognized by this court in Bank of St. Mary's v. St. John, 25 Ala. 566. The jurisdiction of the equity court for such purpose was assumed in Blythe v. Enslen, 203 Ala. 692, 85 So. 1 (on subsequent appeal reported in Id. 209 Ala. 96, 95 So. 479), the discussion in that case, as to the right also to sue at law, having relation only to the question of the

statute of limitations, upon which the decision rested. See, also, Briggs v. Spaulding, 141 U. S. 132, 11 S. Ct. 924, 35 L. Ed. 662; 14 Corpus Juris 150; 10 Cyc. 835; Hodges v. New England Screw Co., 1 R. I. 312, 53 Am. Dec. 624; Fisher v. Parr, 92 Md. 245, 48 A. 621.

[2, 3] That complainant succeeding to the rights of the corporation as its trustee in bankruptcy may maintain the bill is well settled. 10 Cyc. 837; McEwen v. Kelly, 140 Ga. 720, 79 S. E. 777. Indeed, neither the general equity of the bill nor complainant's right to maintain it is questioned by counsel for appellee, but it is insisted that the bill was defective in failing to set forth sufficient facts upon which liability may be fastened upon this respondent. Mere general allegations will not suffice, but the bill should state complainant's claim with sufficient clearness and certainty that the respondent may be informed of the nature of the case which he is called upon to meet. Duckworth v. Duckworth, 35 Ala. 70.

In Fisher v. Parr, supra, a somewhat similar case to that here considered, the court said:

"There can be no doubt that the claim of the plaintiffs to the aid of equity should be stated with reasonable accuracy and clearness, and that if his case be set out in a vague and indefinite manner, a demurrer will be allowed."

The degree of diligence required of directors is discussed in King v. Livingston, etc., Co., 192 Ala. 269, 68 So. 897, where it is also stated that what constitutes a proper performance of the duties of a director is a question of fact to be determined in each case in view of all the circumstances. Measured by the foregoing rules, we are of the opinion the averments of the bill against the respondents were of too vague and general a character.

[4] The respondents Brooks and Hay, together with Armor and Mayes, were the sole stockholders and each a director. The management and control of the business was left with the two directors, Armor and Mayes, and the business showed a profit in 1920 and 1921, but in the period between February and June, 1922, suffered a loss of its capital stock and several thousand dollars in addition. Respondent Brooks (together with Hay, who does not appear), is sought to be held responsible for the dereliction of Armor and Mayes, the two directors in charge, being charged with negligence in failing to supervise the business of the corporation. How the losses occurred is not alleged. There is no charge that Armor and Mayes were incapable of managing the affairs of the corporation, or that they have converted any of its assets to their own use, or any fraud or misconduct on their part; but merely that they have "caused or permitted the loss or wastage." But this may have been done in good faith and as an error of judgment only. Complainant, as trustee, will be presumed to have the records of the corporation, and no discovery sought. He should therefore know and allege with more definiteness as to the manner of the losses, and in what they consist, and how the negligence of respondent contributed thereto. While the bill does specify that the managing directors were left in control of the corporate affairs without the requirement of a bond, yet it does not appear this respondent could have required of them such a bond, and nothing is alleged to have come to the knowledge of respondent calculated in the least to arouse suspicion or indicate any necessity therefor.

Answering a similar charge in McEwen v. Kelly, supra, the Georgia court said:

"But no by-law or custom requiring such bond was averred; nor did the allegations suffice to show that it was negligence not to make such requirement."

This last-cited authority is very much in point, as sustaining the conclusion that the averments of the present bill are of too vague, and general a character. See, also, in this connection, Wynn, Adm'r, v. Tallapoosa Bank, 168 Ala. 469, 53 So. 228.

In none of the cases cited in brief of counsel for appellant, nor in others which we have considered, are the averments of so general a nature as here presented. Certainly good pleading requires more definiteness of averments to fasten liability upon respondent for the losses "caused or permitted" by the other directors who had charge and control of the corporate affairs. Numerous assignments of demurrer pointed out these deficiencies of the bill.

Let the decree sustaining the demurrer be affirmed.

Affirmed.

ANDERSON, C. J., and MILLER, J., concur.

SAYRE, J., concurs in the result.