(109 So. 153)

### KIRBY v. FT. PAYNE CO. et al.
### (7 Div. 649.)

(Supreme Court of Alabama. June 17, 1926.)

**1. Corporations ⊜➡190.**

Stockholder's suit to compel accounting by majority stockholders for assets of corporation should be brought on behalf of all stockholders who may care to come in.

**2. Corporations ⊜➡190.**

Purchaser of minority stock may, in single suit, compel transfer of stock and accounting for corporate assets by majority stockholders.

**3. Corporations ⊜➡190.**

Minority stockholder's bill to compel majority stockholders to account for assets of corporation should allege that redress of wrongs complained of was first sought within corporation or show reason for failure to do so.

Appeal from Circuit Court, De Kalb County; O. A. Steele, Judge.

Bill in equity by A. C. Kirby against the Ft. Payne Company and others. From a decree on demurrer, complainant appeals. Affirmed.

Baker & Baker, of Ft. Payne, for appellant.

Allegations of demand for transfer of the certificate of stock on the books of the company, and refusal by the company, give the bill equity. Oden v. Vaughn, 204 Ala. 445, 85 So. 779; 14 C. J. 768. Demurrer to paragraphs 6 and 9 of the bill was erroneously sustained; the bill having equity for the transfer of the certificate of stock, the court should take jurisdiction for the settlement of all matters. Baggett Mer. Co. v. Vickery, 213 Ala. 427, 105 So. 207; Cox v. Parker, 212 Ala. 35, 101 So. 657; Houston Can. Co. v. Virginia Can. Co., 211 Ala. 232, 100 So. 104, 35 A. L. R. 912; Jones v. Henderson, 210 Ala. 614, 98 So. 878. Where the bill has equity, a demurrer to the bill as a whole should be overruled. Jasper L. Co. v. Manchester Sawmills, 209 Ala. 446, 96 So. 417; Grubbs v.

---

Hawkins, 208 Ala. 349, 94 So. 484; Strickland v. Strickland, 206 Ala. 452, 90 So. 345.

H. T. Bailey, of Ft. Payne, for appellees.

If any grounds of demurrer assigned to the bill were good as to paragraphs 6 and 9, the appellate court will refer the decree to these grounds. Pollak v. Stouts Mountain C. & C. Co., 184 Ala. 331, 63 So. 531. The averments of the amended bill did not entitle the complainant to maintain the bill as a mere stockholder. For wrongs alleged, a stockholder must first seek redress within the corporation. Harton v. Johnston, 166 Ala. 317, 51 So. 992; Steiner v. Parsons, 103 Ala. 215, 13 So. 771; Maben v. Gulf Co., 173 Ala. 259, 55 So. 607, 35 L. R. A. (N. S.) 396; Johnson v. N. B. & L. Ass'n, 125 Ala. 465, 28 So. 2, 82 Am. St. Rep. 257; Decatur M. L. Co. v. Palm, 113 Ala. 531, 21 So. 315, 59 Am. St. Rep. 140.

SAYRE, J. The equity of appellant's bill, in so far as it seeks a decree requiring the Ft. Payne Company to transfer upon its books the certificate of stock purchased by appellant from a stockholder, was sustained in the trial court as against the demurrer filed. But in section 6 of the original bill and in section 9 of the amended bill appellant averred, in substance, that the corporation had executed conveyances to the individual stockholders who are made parties defendant, among them the president and general manager of the corporation, of large tracts of land, constituting "substantially all of the acreage property owned by said company," for the "purpose of dividing the assets of the said company among the majority stockholders with a view of dissolving said corporation and placing the assets of the said company beyond the reach of your complainant as a minority stockholder, that the said company and its officers are thus dissipating the assets of the company to the injury and damage of your complainant," and the additional prayer was that defendants be required to state an account of such sales of property and the proceeds thereof, and that complainant be awarded his just share of such proceeds. By its decree, the court sustained a demurrer to paragraphs 6 and 9 of the bill.

[1] We presume that the demurrer to paragraphs 6 and 9 of the bill was sustained, on the ground that, as for the relief sought on account of the averments of these sections, the bill was without equity because not filed on behalf of all stockholders who may care to come in. In this ruling the court was correct. Jefferson County Bank v. Francis, 115 Ala. 324, 23 So. 48; 4 Cook on Corps. (8th Ed.) § 734, p. 3183 et seq. True, the demurrer was not directed specifically against these paragraphs of the bill; but soon or late, with or without demurrer, the court would have been required to take cognizance of this objection to the relief sought on account of the averments of these paragraphs. Authorities, supra.

[2] If, as he avers, appellant is the owner of the share of stock, and his application to have it transferred on the stock book has been unjustly denied, he may as stockholder maintain his bill for the wrongs complained of in paragraphs 6 and 9 and have the entire controversy settled in one proceeding. Baggett Merc. Co. v. Vickery, 213 Ala. 427, 105 So. 207; 4 Cook (8th Ed.) § 735.

[3] Appellant's bill should aver that redress of the wrongs complained of in paragraphs 6 and 9 was first sought within the corporation (Tuscaloosa Mfg. Co. v. Cox, 68 Ala. 71), or else show a reason for the failure so to do. Johnson v. National B. & L. Ass'n, 125 Ala. 465, and authorities cited on page 481, 28 So. 2, 82 Am. St. Rep. 257. In the present shape of the bill it cannot be affirmed that there was no reasonable prospect of relief at the hands of the directors or stockholders. Parties guilty of the wrongs complained of need not be expected to supply the remedies necessary. But the bill does not show who the directors of the defendant corporation are, and, while it does open the way for an inference that the stockholders made parties defendant are a majority of the stockholders of the corporation, there is no averment to that effect.

The decree is affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.