80 So.2d 487

**AMERICAN LIFE INSURANCE COMPANY et al.**

v.

**Richard H. POWELL, Jr., Ex'r et al.**

**6 Div. 740.**

Supreme Court of Alabama.

Nov. 11, 1954.

Rehearing Denied May 19, 1955.

Hugh A. Locke, Birmingham, Noble J. Russell, Decatur, Deramus, Hawkins, Fitts & Mullins, and Lange, Simpson, Robinson & Somerville, Birmingham, for appellants.

Wilkinson & Skinner, Birmingham, for appellees.

SIMPSON, Justice.

This is a bill by two minority stockholders (holders of about one-tenth of one per

cent of the outstanding shares) of American Life Insurance Company and alleges a loss to the corporation of over a million dollars due to the misconduct of the management of the corporation. The action is, of course, derivative and on behalf of the corporation.

The managing officers were alleged to be defendants Wert (president and director) and Montgomery (vice-president and director). Hobbs, also a defendant, was treasurer and Autrey, not a party, was agency director, all of the American Company. The bill sets forth that these allegedly unfaithful managing officers, Wert and Montgomery, together with treasurer Hobbs, enriched themselves and profited personally from transactions between American and its customers, most of which transactions were handled by said Autrey; that Autrey split his commissions with Wert and Montgomery on some insurance written and on loans made. Hobbs is alleged to have made a similar arrangement with Wert and Montgomery and to have collected certain unlawful commissions on transactions of American. The other members of the board of directors (a majority) are also made parties defendant. The managing officers, Wert and Montgomery, and treasurer Hobbs are sought to be held liable as trustees *ex maleficio* of American and the directors are sought to be charged with negligence proximately causing injury and damage to American in the sum of $1,500,-000. It is unnecessary to burden the opinion with specifying in detail the various fraudulent transactions alleged. The bill also seeks incidental relief not brought up for consideration by this appeal.

█ The corporation, of course, is also properly made a defendant. Tillis v. Brown, 154 Ala. 403, 406, 45 So. 589.

The appeal is from an interlocutory decree overruling the demurrers of the several defendants to the bill as last amended. The case has been ably briefed and extensively argued. The right to maintain the bill depends upon the application of certain well-known principles of law to the facts alleged.

We entertain the view that some of the grounds of demurrer were well taken, should have been sustained, and that a reversal of the decree must be ordered.

Discussion will be first addressed to the allegations charging negligence against the individual members of the board of directors (other than Wert and Montgomery). The charge laid to them under the allegations of the bill is simply one in tort. See Blythe v. Enslen, 203 Ala. 692, 85 So. 1, where it was held that such an action was *ex delicto,* the statute of limitation of one year applying (reaffirmed in 209 Ala. 96, 95 So. 479, and Farmer v. Brooks, 213 Ala. 137, 104 So. 322).

The statement of the rule of liability of the directors to the corporation for such a common law tort so as to render them liable to a personal judgment in an equity suit by a minority stockholder suing for the benefit of the corporation is thus approved in Van Antwerp Realty Corp. v. Cooke, 230 Ala. 535, 538, 162 So. 97, 99:

" 'The directors owe a duty of managing the corporate affairs honestly and impartially in behalf of the corporation and all the stockholders. They are liable for losses of the corporation caused by their wilful and intentional departures from duty, their fraudulent breaches of trust, their gross negligence, or their ultra vires acts. They are not liable for losses happening through mere mistakes of judgment.' "

We have a line of cases of rather early origin affirming the foregoing principle in varying phraseology. A good statement is found in King v. Livingston Mfg. Co., 192 Ala. 269, 277, 68 So. 897, 900, where it was said:

"With respect to particular acts within the range of their authority, and subject to their discretion, directors are not liable to the corporation so long as they act in good faith, and without gross negligence which would support an imputation of fraud. Godbold v. Branch Bank, 11 Ala. 191, 199, 46 Am.Dec. 211; Smith v. Prattville Mfg. Co., 29 Ala. 503, 509; Wolfe v.

564

Underwood, 96 Ala. 329, 333, 11 So. 344; Hall v. Henderson, 126 Ala. 449, 28 So. [531], 543, 61 L.R.A. 621, 85 Am.St.Rep. 53; Tuscaloosa Mfg. Co. v. Cox, 68 Ala. 71; 10 Cyc. 829."

▆▆ The averments of the bill, as we read them, are rather contradictory and all too general to meet the standard of the foregoing authorities. There is no sufficient averment aside from mere conclusions to show that the other members of the board of directors (a majority) were so derelict in their duties to the corporation as to indicate bad faith or gross negligence, as defined above, or any intentional wrongdoing. To fasten liability on the directors as for negligence, the bill avers by way of conclusion that they negligently failed to manage and control the business of the corporation during the time they were directors, but delegated the management and control very largely, if not entirely, to Wert and Montgomery and as a proximate result the corporation lost $1,500,000. But the bill specifically states, on the other hand, that these directors were "business and professional men" having "numerous and wide interests outside of American Life," and that the alleged misdeeds of the managerial force were concealed from the stockholders and not disclosed to the directors. In essence, it can be assumed that neither these other directors—presumably men of good character—nor the stockholders were acquainted with or participated in the alleged fraudulent conduct of the management. These allegations, we think, fall short of the requirements of the foregoing authorities in order to fasten liability for negligence—so gross as to "support an imputation of fraud"—on these other members of the board of directors. Of necessity the actual management of a corporation must be left to some one or more persons who will actively operate the business and as a general proposition it is not to be supposed that the board of directors of a corporation should do so, even though the charter, as usual, vests management in them. From aught appearing there was no willful and intentional departure from duty, fraudulent breaches of trust, such said

gross negligence or ultra vires acts attributed to the board of directors, nor it is averred that Wert or Montgomery were known to be incompetent, unfit or untrustworthy to run the business of the corporation. See Farmer v. Brooks, supra. Herein lies one distinguishing feature between the instant bill and that considered in King v. Livingston Mfg. Co., supra. As was indicated in Farmer v. Brooks, supra, and Holloway v. Osteograf Co., 240 Ala. 507(16), 200 So. 197, mere general allegations will not suffice and charges by way of conclusion are subject to demurrer. As stated, in order to fasten liability on the board of directors for the common law tort of negligence toward the corporation, the bill must bring the case within the rule of our cases hereinabove noted by stating with accuracy and clearness the basis of liability claimed by the complainant and not in vague and indefinite terms. We entertain the view, therefore, that that phase of the bill charging negligence against the board of directors other than Wert and Montgomery was demurrable.

▆ It is also contended by appellant that the bill is defective in that it fails to allege that a demand had been made on the directors to bring the action for the corporation or to show any excuse for not making such a demand and that, therefore, the bill is demurrable under the general principle that before equity will entertain a derivative stockholder's action on behalf of the corporation, the complaining stockholder must first seek redress within the corporate body.

▆ However, it is equally well established that a complainant need not show such a demand on the directors when from the bill it is clearly shown that if such a demand had been made it would have met with refusal, the reason being that the law does not require the performance of a vain and useless ceremony.

The substance of the above rules is stated in varying forms in the following Alabama cases: Tuscaloosa Mfg. Co. v. Cox, 68 Ala. 71; Merchants' & Planters' Line v. Waganer, 71 Ala. 581; Nathan v. Tompkins,

82 Ala. 437, 2 So. 747; Memphis & C. R. Co. v. Woods, 88 Ala. 630, 7 So. 108, 7 L.R.A. 605; Tutwiler v. Tuskaloosa Coal, Iron & Land Co., 89 Ala. 391, 7 So. 398; Mack v. De Bardeleben Coal & Iron Co., 90 Ala. 396, 8 So. 150, 9 L.R.A. 650; Roman v. Woolfolk, 98 Ala. 219, 13 So. 212; George v. Central Railroad & Banking Co., 101 Ala. 607, 14 So. 752; Steiner v. Parsons, 103 Ala. 215, 13 So. 771; Id., Ala., 16 So. 6; Bell v. Montgomery Light Co., 103 Ala. 275, 15 So. 569; Bridgeport Development Co. v. Tritsch, 110 Ala. 274, 20 So. 16; Decatur Mineral Land Co. v. Palm, 113 Ala. 531, 21 So. 315; Jefferson County Savings Bank v. Francis, 115 Ala. 317, 23 So. 48; Montgomery Light Co. v. Lahey, 121 Ala. 131, 25 So. 1006; Jasper Land Co. v. Wallis & Carley, 123 Ala. 652, 26 So. 659; Johnson v. National Bldg. & Loan Ass'n, 125 Ala. 465, 28 So. 2; Louisville & N. R. Co. v. Neal, 128 Ala. 149, 29 So. 865; Moseley v. Collins, 133 Ala. 326, 32 So. 131; Johns v. McLester, 137 Ala. 283, 34 So. 174; Montgomery Traction Co. v. Harmon, 140 Ala. 505, 37 So. 371; Crow v. Florence Ice & Coal Co., 143 Ala. 541, 39 So. 401; Gray v. South & North Ala. R. Co., 151 Ala. 215, 43 So. 859, 11 L.R.A.,N.S., 581; Tillis v. Brown, 154 Ala. 403, 45 So. 589; Hagood v. Smith, 162 Ala. 512, 50 So. 374; Howze v. Harrison, 165 Ala. 150, 51 So. 614; Ellis v. Vandergrift, 173 Ala. 142, 55 So. 781; King v. Livingston Mfg. Co., 192 Ala. 269, 68 So. 897; Alabama Fidelity Mortgage & Bond Co. v. Dubberly, 198 Ala. 545, 73 So. 911; Henry v. Ide, 208 Ala. 33, 93 So. 860; Glass v. Stamps, 213 Ala. 95, 104 So. 237; Kirby v. Fort Payne Co., 215 Ala. 32, 109 So. 153; Blount County Bank v. Harvey, 215 Ala. 566, 112 So. 139; Holcomb v. Forsyth, 216 Ala. 486, 113 So. 516; Leggett v. J. W. Leggett Jewelry Co., 220 Ala. 399, 125 So. 644; First Nat. Bank of Birmingham v. Forman, 230 Ala. 185, 160 So. 109; Mudd v. Lanier, 247 Ala. 363, 24 So.2d 550.

The policy of the law in regard to that issue is amply set forth in the above cases. There is no need to restate it here. Neither do the facts of the instant case, as shown by the substituted bill, call upon us to analyze and attempt to harmonize each of the above cases. The question before us simply is: Does the bill, consistent with the general legal thread that entwines the above-cited cases, allege facts showing sufficient reason for failing to call on the directors to sue. The bill avers inter alia the following:

"Complainants are informed and believe and on such information and belief aver that the directors named above [members of the present board] claim that on or about the *16th day of March, 1948*, a meeting of the stockholders of the American Life Insurance Company, a corporation, was held in Birmingham, Alabama, and at said meeting an alleged resolution was allegedly adopted by the stockholders which was substantially as follows:

" 'That if at any time an agent, employee, director, member of the executive committee or officers rendered any services making loans, purchasing property, or any other act, such named person may be paid the same as if he was a stranger; that if any of said persons have heretofore received any remuneration as commissions or has made any profits on any dealings with or through the company, then such acts are ratified.'

\* \* \* \* \* \*

"Complainants are informed and believe and on such information and belief aver that the directors above named claim that the alleged adoption of the alleged resolution ratified and approved the secret profits taken by T. W. Wert, Mrs. E. B. Montgomery, M. S. Hobbs and B. P. Autrey prior to its alleged adoption, and authorized them to take the secret profits they did take subsequent to its alleged adoption, and that they are not liable to account to the American Life Insurance Company, a corporation, for same."

■ Thus is the clear and certain allegation—not by way of conclusion—that the board of directors of American Life are contending that due to the adoption of the resolution the alleged erring officers are not

liable to the corporation. There is no need here to consider the legal force of the resolution or the nature of the wrongs allegedly committed. It is enough to say that as long as the directors are contending that on account of the resolution the officers are not liable to the corporation, it is not reasonable to suppose that they would cause the institution of this suit against them if requested to do so by a stockholder. It results, therefore, as our conclusion that the bill alleges sufficient facts to excuse the complainants' failure to make a demand on the directors and the grounds of demurrer taking the point were properly overruled.

This case is distinguishable from Louisville & N. R. Co. v. Neal, 128 Ala. 149, 29 So. 865, 867, in that there it was alleged that the directors were "men of high character and standing" and the court evidently regarded such an allegation as inconsistent with the theory that such men, if called upon as directors to proceed in the interest of the corporation, would not do so and thus construing the allegations most strongly against the pleader, the bill was held bad on demurrer. We perceive no such inconsistency in the allegations of the instant bill.

■ Appellants next argue that the bill was demurrable for not showing a sufficient excuse for not appealing to the stockholders to redress the wrongs complained of. On a careful study of our own cases and many from other jurisdictions, as well as undertaking considerable research among the law reviews and other texts, we have concluded that the point is well taken.

■ The general rule is that after the complaining party has made a fruitless demand on the directors to sue or has shown a sufficient excuse for not so doing, he must next make demand on the other stockholders or show an excuse. Tuscaloosa Mfg. Co. v. Cox, 68 Ala. 71; Merchants' & Planters' Line v. Waganer, 71 Ala. 581; Nathan v. Tompkins, 82 Ala. 437, 2 So. 747; Roman v. Woolfolk, 98 Ala. 219, 13 So. 212; Montgomery Light Co. v. Lahey, 121 Ala. 131, 25 So. 1006; Johns v. McLester, 137 Ala. 283, 34 So. 174; Hagood v. Smith, 162 Ala. 512, 50 So. 374; Howze v. Harrison, 165 Ala. 150, 51 So. 614; King v. Livingston Mfg. Co., 192 Ala. 269, 68 So. 897; Kirby v. Fort Payne Co., 215 Ala. 32, 109 So. 153.

Some of our cases fail to take cognizance of the rule, but this would perhaps be explainable either because the point was not made or the wrongdoers controlled the majority of the stock or the stockholders were conspirators in the wrongs complained of or for some other reason not apparent in the opinion. Memphis & C. R. Co. v. Woods, 88 Ala. 630, 7 So. 108, 7 L.R.A. 605; George v. Central R. R. & Banking Co., 101 Ala. 607, 14 So. 752; Steiner v. Parsons, Ala., 16 So. 6; Montgomery Traction Co. v. Harmon, 140 Ala. 505, 37 So. 371; Alabama Fidelity Mortgage & Bond Co. v. Dubberly, 198 Ala. 545, 73 So. 911; Henry v. Ide, 208 Ala. 33, 93 So. 860; Blount County Bank v. Harvey, 215 Ala. 566, 112 So. 139; Holcomb v. Forsyth, 216 Ala. 486, 113 So. 516; Leggett v. J. W. Leggett Jewelry Co., 220 Ala. 399, 125 So. 644; First Nat. Bank of Birmingham v. Forman, 230 Ala. 185, 160 So. 109; Ellis v. Vandergrift, 173 Ala. 142, 55 So. 781; Crow v. Florence Ice & Coal Co., 143 Ala. 541, 39 So. 401; Tillis v. Brown, 154 Ala. 403, 45 So. 589. See also Mudd v. Lanier, 247 Ala. 363, 375, 24 So.2d 550; Moses v. Tompkins, 84 Ala. 613, 4 So. 763; Nathan v. Tompkins, 82 Ala. 437, 2 So. 747; Tutwiler v. Tuskaloosa Coal, Iron & Land Co., 89 Ala. 391, 7 So. 398; Jasper Land Co. v. Wallis & Carley, 123 Ala. 652, 26 So. 659; Glass v. Stamps, 213 Ala. 95, 104 So. 237.

However, these latter mentioned cases cannot be regarded as detracting from the general current of Alabama decisions enunciating the fundamental law that a demand on the stockholders is ordinarily necessary before a complaining stockholder can bring a derivative suit. That this is the recognized rule cannot now be questioned.

■ Decision of the question has been somewhat difficult because our decisions contain little analysis of what the stockholders are empowered to do or the rules.

which should govern their decision if called on by a stockholder to act to redress an alleged wrong to the corporation. While the exigencies of this case do not call for a definitive expression from us, from our research we would venture the observation that the beneficent purpose of requiring a resort to the stockholders under the governing rules hereinabove mentioned is that within the bounds of reason and good faith they should be vested with the final authority to determine whether or not it would be good business policy or to the best interest of the corporation to involve it in the proposed litigation. Kessler v. Ensley Co., C.C.N.D.Ala.1903, 123 F. 546; C.C.N.D.Ala. 1904, 129 F. 397; 13 Fletcher, Cyc. of Corporations, § 5822. Especially would this seem to be the better rule for a small corporation where democracy is usually a living fact rather than some fine theory seeking expression in the dormant verbiage of corporate charters or the high-toned eloquence of judicial discussion.

In an effort to show an excuse for not bringing before the stockholders the grievances complained of, complainants alleged that there are seven hundred stockholders whose names and addresses are not known to them and that it is therefore impossible for them to contact all of the stockholders. But we know a stockholders' meeting must be called each year. § 35, Title 10, Code 1940. And no reason is shown why an appeal could not be made at such a meeting nor that if the import of the resolution quoted above—even if having been adopted by the stockholders, which the bill does not show—had been brought to their attention it would not be promptly rescinded. Apparently in an effort to show an emergency such as would excuse them from calling on the stockholders, the bill alleges that financial statements made by the company to the Superintendent of Insurance are incorrect and that the company is either insolvent or in danger of becoming insolvent and, further, that one of the respondents (Montgomery) as a result of the wrongs complained of holds assets in trust for the corporation and that she has been indicted by a federal jury for income tax evasion; that a tax lien has been placed against the said respondent's property and that she is using and will use the trust property and other assets to fight the federal criminal charge. But in so far as justifying an excuse for not resorting to the stockholders before bringing suit, these allegations strongly impress us as being mere conclusions without supporting facts. Indeed, this must be so in view of the admitted allegation in the bill that in each instance a discovery—a matter pending in this court in another case—is needed to establish these facts. We hold, therefore, that the grounds of demurrer attacking the bill on the ground next hereinabove discussed were well taken and should have been sustained.

Reversed and remanded.

All the Justices concur.

On Rehearing

PER CURIAM.

Disregarding the acerbic nature of the rehearing brief of appellees and the appellant's request that it be stricken for contemptuousness on authority of Birmingham Ry., Light & Power Co. v. Saxon, 179 Ala. 136, 59 So. 584, we will respond to such of the argument as is deemed worthy of further comment.

It is still strenuously argued that this court was in error in holding that the complainant should have made an appeal to the stockholders before resorting to equity.

It is asseverated that the majority of the stockholders could not ratify the alleged misappropriations and, therefore, an appeal to them would have been useless. This is not the law of Alabama and never has been. Counsel cites cases from other jurisdictions, the import of some of which tend in that direction. The rehearing brief of appellees refers to the annotation of Continental Securities Co. v. Belmont, 206 N.Y. 7, 99 N.E. 138, 51 L.R.A.,N.S., 112. The annotation discusses at length the doctrine of some other jurisdictions which counsel urges this court to adopt. Generally that doctrine is "(1) Courts will not

interfere in the management of a corporation in any case so long as the acts complained of are within the power of the corporation and are the result of the honest judgment of the corporation, acting through its officers. (2) Where the acts complained of are within the power of the corporation, but are so injurious to the corporation, and through it to at least part of the stockholders, that it is apparent that the corporation has not exercised an honest judgment in the matter, then the court will interfere, but only as a last resort; i. e., after both the board of directors and the body of stockholders have been given a chance to rectify the wrongful acts. (3) Where the corporation has no legal power or authority to commit the acts complained of, then any injured stockholder may sue; but he should obtain permission from the board of directors to use the corporate name, and if refused permission he may proceed without applying to the stockholders."—51 L.R.A.,N.S., 113.

But on page 118 of the annotation it is pointed out that the rule in Alabama is that as predicate for such a suit, in addition to appealing to the corporate directorate there must also be an appeal to the stockholders, no sufficient excuse for not so doing being shown and this "without regard to the nature of the subject matter of the suit." Indeed, the following Alabama cases, among many others, clearly show that merely because fraud is charged is not sufficient to take the case out of the general rule: Hagood v. Smith, 162 Ala. 512, 50 So. 374; Howze v. Harrison, 165 Ala. 150, 51 So. 614, 615; Tuscaloosa Mfg. Co. v. Cox, 68 Ala. 71; Decatur Mineral & Land Co. v. Palm, 113 Ala. 531, 21 So. 315; Steiner v. Parsons, 103 Ala. 215, 13 So. 771; Louisville & N. R. Co. v. Neal, 128 Ala. 149, 29 So. 865; Montgomery Light Co. v. Lahey, 121 Ala. 131, 25 So. 1006.

For a later annotation see 72 A.L.R. 628, which states the general rule as follows:

"The cases are uniform in holding that there must be a request that the stockholders as a body sue the directors, or that an action be brought for their benefit, before an individual stockholder may bring an action in the interest of the corporation,—unless such a request would be useless and unavailing. In other words, an individual stockholder must exhaust all means of redress within the corporation before bringing an action in the interest of the corporation."

But it is argued that the majority stockholders would be powerless to act in any event because (1) § 22, Title 10, Code 1940, as amended by Act 289, General Acts of Alabama 1951, p. 577, which provides that the management of a corporation organized under the article shall be vested in a board of directors except as otherwise provided by law or in the certificate of incorporation; and (2) that the bill showed that the management of the defendant corporation was vested in its board of directors by its charter and by laws. We do not regard the argument as at all persuasive.

Section 22 as last amended was not brought to our attention and not considered on original deliverance, but the averment of the charter provision was before us and was considered. As we see it there would be no difference in this respect between the charter of the corporation in question and the Code provision. Power to manage a corporation being vested by the laws of the state would appear to give no different power of management than that lawfully granted by the corporate charter.

We are directed to many cases from other jurisdictions which do indicate that under such a status (management being vested in the board of directors) an appeal to the stockholders would not be necessary before court action in a case such as is now before the court. A statement of the rules enunciated by such cases may be found in 13 Fletcher, Corporations, § 5964 (1943). But as heretofore mentioned, the law of Alabama has been established otherwise. Indeed, before many of our cases enunciating the principle (that resort must be made to the stockholders) were decided, § 36 of the Corporation Act of 1903, p. 329, indicated the legislative concept that

the management of corporations was usually vested in a board of directors.

To further pursue appellees' argument, it is that bringing a lawsuit is a function of management and that if the management of a corporation is vested in its board of directors, then the stockholders are powerless to bring or order the bringing of such an action. The argument impresses us as rather sophistical. It may be conceded that power by its very nature is indivisible, that if it resides in one body it does not reside in another. But this reasoning applied to its logical conclusion in the case at hand would not mean that appellees could bring this action without an appeal to the stockholders, but would mean that they could not bring it at all. For if the power to sue on corporate causes of action rests exclusively and irremediably only in the board of directors, no individual stockholder or group of stockholders could institute such an action. We have never heard of a case where the power of management was so vested in the holders of a minority of the stock that the majority in such case could be thus dethroned. Yet the books are replete with cases where such persons have sued on corporate causes of action. This has been in spite of internal corporate regulations and not due to them. It has been by virtue of the broad powers of courts of equity. If equity then permits a suit by a minority of the stockholders in spite of corporate rules, we cannot see the logic of the position that a suit by a majority of the stockholders would be prohibited due to such rules.

■■ All our cases holding that an appeal must be made to the stockholders seemed to have presupposed that the management was vested in a board of directors—that ordinarily being an attribute of the corporate entity. "Ordinarily the directors constitute the governing board of a corporation, and are controlled only by the stockholders * * *."—Howze v. Harrison, 165 Ala. 150, 156, 51 So. 614, 616. In Tuscaloosa Mfg. Co. v. Cox, 68 Ala. 71, it was stated:

"Private corporations, like partnerships, are formed for private gain. *Their conduct and management are usually confided to a governing body, called a board of directors. * * * in* the *government* of corporations, much must be left to the judgment and discretion of the *directory,* and much must be credited to the fallibility of human judgment. If it be supposed an unwise course is being pursued, or that the interests of the corporation are suffering, or likely to suffer through the inefficiency or faithlessness of an official, an appeal should first be made to the *directory or governing body, to* redress the grievance. Failing there, *in ordinary cases the next redress will be found in the power of the ballot,* which usually comes into exercise at short intervals." (Italics supplied.)

In Merchants' & Planters' Line v. Waganer, 71 Ala. 581, it was held that a person should ordinarily address himself to the stockholders before attempting to sue on a corporate cause of action, though the report of the case reveals that it was alleged that the directors were the "active managers of said corporation." That case also quoted approvingly from Hawes v. City of Oakland, 104 U.S. 450, 26 L.Ed. 827, as follows:

"But, in addition to the existence of grievances which call for this kind of relief, it is equally important that before the shareholder is permitted in his own name to institute and conduct a litigation which usually belongs to the corporation, he should show to the satisfaction of the court that he has exhausted all means within his reach, to obtain, within the corporation itself, the redress of his grievances, or action in conformity to his wishes. He must make an earnest, not a simulated effort, with the *managing body of the corporation,* to induce remedial action on their part, and this must be made apparent to the court. If time permits, or has permitted, *he must show, if he fails with the directors, that he has made an honest effort to obtain action by the stockholders as a body, in the matter of which he complains;* and he must show a case, if this is not done, where it could not be

done, or it was not reasonable to require it." (Italics supplied.)

Thus our cases seem clear to the point that the mere fact that the management of a corporation is entrusted to a board of directors does not excuse an aggrieved stockholder from calling upon the other stockholders before submitting his plight to a court of equity.

We have assiduously studied in consultation and in chambers the application for rehearing, in connection with the proffered briefs, and are still firmly of the opinion that the conclusions attained on original deliverance are sound, and forego further comment.

Application for rehearing overruled.

All the Justices concur except MAY-FIELD, J., not participating, he having taken no part in the original consideration of the case.